Clay Richard WEBB and Laveta J. Webb,
Plaintiffs-Respondents,

v.

Merle T. RENCH, d/b/a R & S Grain Co., and Donald S. Miller, Defendants-Appellants.

No. 55661.

Supreme Court of Missouri, Division No. 1.

Jan. 10, 1972.

Rehearing Denied Feb. 22, 1972.

James W. Benjamin, Cecil L. Caulkins, Rogers, Field, Gentry, Benjamin & Robertson, Kansas City, for plaintiffs-respondents.

John C. Russell, Raytown, for defendants-appellants.

WELBORN, Commissioner.

Action for personal injuries arising out of automobile collision. Clay Richard Webb was the driver of an automobile that collided with a truck driven by Donald S. Miller and owned by Miller's employer, Merle T. Rench. Webb sued Miller and Rench for $150,000 for his injuries. Webb's wife, Laveta, sued for $50,000 for loss of service, social companionship and consortium by reason of her husband's injuries. Trial to a jury resulted in a verdict for Clay Webb of $50,000 and for his wife of $5,000 against both defendants. On defendants' motion for new trial, a remittitur of $10,000 and $2,500 was ordered on the plaintiffs' verdict and judgment entered for Webb for $40,000 and for his wife for $2,500. The defendants appealed and plaintiffs also filed notice of appeal.

We deal first with questions pertaining to the amount of recovery. Defendants' motion for new trial stated the following grounds for relief:

"Come now the Defendants and move the Court to set aside the Judgment and Verdict in the above captioned cause and to grant Defendants a New Trial and/or to order a Remittitur in reduction of the amount of Judgment therein awarded, upon the following grounds:

"1. Because the verdict returned by the jury in the amount of Fifty Thousand Dollars ($50,000.00) in favor of Plaintiff, Clay Richard Webb, and Five Thousand Dollars ($5,000.00) in favor of Laveta Webb, is grossly excessive in the light of Plaintiff's, Clay Richard Webb, testimony, and that of his witnesses, in the nature of evidence adduced from these persons as to injuries and damages sustained by Plaintiff; further, said verdict is not supported by any of such testimony in evidence and is so excessive as to shock the conscience of the Court and to warrant the conclusion that the jury was moved by passion, prejudice and other improper considerations, including the imposing of a penalty upon these itinerant trucker Defendants in rendering said Judgment and Verdict; in addition, said Judgment and Verdict is against the greater weight and/or preponderance of the credible evidence, all for the following reasons: * * *."

The trial court's order read:

"Now on this day, the Court being fully advised in the premises and having duly considered the defendants' motion for new

trial, it is hereby ordered and adjudged as follows:

"If plaintiffs, within ten days from this date, will remit the sum of Ten Thousand Dollars ($10,000.00), with accrued interest thereon, from the verdict and judgment rendered on the 18th day of December, 1969, on Count I, and remit the sum of Two Thousand Five Hundred Dollars ($2,500.00), with accrued interest thereon, from the verdict and judgment rendered on the 18th day of December, 1969, on Count II, defendants' motion for a new trial will be overruled; otherwise, the motion for new trial will be sustained on the ground that the verdict of the jury is excessive, as set out in paragraph numbered 1 in Motion for New Trial."

The defendants-appellants contend that the trial court, by its order conditionally awarding a new trial on the grounds stated in paragraph 1 of defendants' motion for new trial, inferentially found that the verdict was the result of passion and prejudice and that, having so found, the error could not be corrected by remittitur and required a new trial.

■ There is some inconsistency in the trial court's order. However, the defendants must bear at least a portion of the blame for any inconsistency inasmuch as they combined a request that, for only a single stated ground, the trial court "grant Defendants a New Trial and/or * * * order a Remittitur in reduction of the amount of Judgment · * * *." Thus the defendants' motion combined "mere" excessiveness, curable by remittitur, and excessiveness which indicates a verdict based upon bias and prejudice, remediable only by a new trial. Bailey v. Interstate Airmotive, Inc., 358 Mo. 1121, 219 S.W.2d 333, 340[12–14]; Skadal v. Brown, Mo.Sup., 351 S.W.2d 684, 689[12–14]; Stubbs v. Kansas City Terminal Railway Company, Mo.App., 427 S.W.2d 257, 260[1–3]. Having invited the action which the court took, the defendants are not in a position to assert that such action was erroneous. Polen v. Kansas City Chip Steak Company,

Mo.App., 404 S.W.2d 416, 421–422[5–7]; 5 C.J.S. Appeal & Error § 1501, p. 857.

Even in cases in which the entry of an order similar to that in this case was not attributable to the defendant's contradictory motion, appellate courts have refused to give the defendant the benefit of an alternative conditional grant of a new trial for excessiveness evidencing bias and prejudice where the court also ordered a remittitur. In Kimberling v. Wabash Ry. Co., 337 Mo. 702, 85 S.W.2d 736, the jury verdict for plaintiff was for $50,000. The trial court ordered a remittitur of $30,000, "otherwise the [motion for new trial] will be sustained on the 15th specification thereof." The 15th specification of the motion was: "The verdict is excessive and the result of passion, prejudice and partiality * * *." In rejecting the defendant's contention on appeal that the order amounted to a finding that the verdict was the result of passion and prejudice so that the excessiveness was not curable by remittitur, the Supreme Court pointed out that the alternative never became effective and that it was "nothing more than an indication of what the court then thought the ruling would be in event the remittitur was not made." 85 S.W.2d 742[12].

In Stubbs v. Kansas City Terminal Railway Company, Mo.App., 427 S.W.2d 257, the alternative order for a new trial on the grounds of excessiveness caused by bias and prejudice, after remittitur had been accepted, was held to have been an abuse of discretion which did not require the appellate court "to order a new trial when the plaintiff has remitted in the amount required by the trial court." 427 S.W.2d 262[9].

For the foregoing reasons and under the foregoing authorities, the contention of the defendants-appellants is rejected.

■ Defendants-appellants continue to urge here that the verdict was so excessive as to show that it was based on passion, prejudice and other improper considerations. As has often been pointed out, the amount of the verdict alone does not, inso-

far as this court is concerned, show that a verdict was based upon passion and prejudice. A complainant here must point to some incident or occurrence at the trial or some error which would engender bias, passion and prejudice. McConnell v. Pic-Walsh Freight Company, Mo.Sup., 432 S. W.2d 292, 301[18–21]. Nothing of that nature has been pointed out by appellants. Cases relied upon by appellants, such as Killian v. Wheeloc Engineering Company, Mo.Sup., 350 S.W.2d 759, where the trial court ordered a new trial because of excessiveness of a verdict, and Combs v. Combs, Mo.Sup., 295 S.W.2d 78, and Nix v. Gulf, Mobile & Ohio R. Co., 362 Mo. 187, 240 S.W.2d 709, in which new trials were ordered after a plaintiff declined to remit the amount by which the trial court found the verdict excessive, do not support the position advanced here by appellants.

As above noted, plaintiffs also filed notice of appeal and now assert as appellants that the contention here advanced by defendants-appellants reveals that their attack on the amount of the verdict was based upon excessiveness, the result of passion and prejudice, and therefore the verdict should be reinstated because of the absence of any basis in the record for a finding of passion and prejudice.

■ Although the rule is not the same in all jurisdictions (see Annotation, 16 A. L.R.3d 1327, "Comment Note—PARTY'S ACCEPTANCE OF REMITTITUR IN LOWER COURT AS AFFECTING HIS RIGHT TO COMPLAIN IN APPELLATE COURT AS TO AMOUNT OF DAMAGES FOR PERSONAL INJURY."), Missouri has adopted the rule that a plaintiff who consents to a remittitur "may not question the validity of the order after accepting it." Carver v. Missouri-Kansas-Texas R. Co., 362 Mo. 897, 245 S.W. 2d 96, 105–106[25–29]. The attempt by plaintiffs to condition their acceptance of the remittitur in the event of appeal by defendants is unavailing. Woodworth v. Chesbrough, 244 U.S. 79, 37 S.Ct. 583, 61 L. Ed. 1005. The attempted appeal of the plaintiffs must be dismissed. Carver v. Missouri-Kansas-Texas R. Co., supra.

■ Defendants-appellants contend that Webb was guilty of contributory negligence as a matter of law. Viewing the evidence most favorably to plaintiffs, the circumstances of the collision were as follows:

Webb was employed as a lead sign hanger. On June 9, 1967, he had arisen at 5:00 A.M., eaten breakfast, driven to work in his 1963 Oldsmobile sedan, eaten lunch and done eight hours work ending at 4:30. After work he and a fellow employee went fishing. They had no dinner and consumed three cans of beer each while they fished until around 12:30 A.M., June 10. Webb took his companion home and was driving east on Route 40 in Kansas City, travelling at 40 to 45 miles per hour, and approached the Tumbleweed Tavern located on the south side of the highway.

Miller was a truck driver. He was staying overnight in Kansas City and had detached the tractor portion of his tractor-trailer rig from the loaded trailer and was using the tractor to travel in search of his employer and for a place to eat dinner. Miller had parked the tractor on the parking lot of Tumbleweed Tavern at around midnight and remained in the tavern until the 1:30 A.M. closing time during which time he had consumed three beers.

Miller was backing the tractor out of the parking lot as Webb approached. Webb's version of the collision, which we accept on the issue being considered, was that he was in the outside eastbound lane of the four-lane highway as he approached the collision scene. The roadway had a dip as he approached and when he neared the top of the hill, he saw that the tractor had started backing into the highway. The truck was backing diagonally across the highway toward Webb's auto. Webb was unable to state the distance between his auto and the truck when he first noticed the truck. He said "it happened fast is all I can say, very fast," indicating by a snap

of the fingers the time involved. Because he did not know how far the truck would go into the highway, Webb turned sharply to the right. The left front of his auto struck the right tandem dual wheels of the tractor. The Oldsmobile was thrown on its top and Webb was injured.

Webb stated that he saw no lights on the truck. He was driving with the headlights of his auto on low beam because he was within the city. The tractor had two taillights on the frame and inside the tandem dual rear wheels. There were two reflectors on the rear of the cab of the tractor.

In their argument here, appellants first emphasize the evidence relative to Webb's physical condition—the fact that he had been up for 20½ hours before the collision, had had no food for 13½ hours, had done a full day's work—as pointing to a diminution of Webb's ability to avoid the collision. Webb's testimony was that he was tired, but not sleepy or drowsy as he drove toward his home over a familiar route. His physical and mental condition would at best have been a matter for the jury's consideration as an attendant circumstance and the evidence on this score certainly fails to call for the conclusion that his operation of a motor vehicle under such circumstances constituted contributory negligence as a matter of law.

The principal thrust of appellants' argument on this issue is that Webb failed to see the truck backing into the highway and that, in the exercise of the highest degree of care in keeping a careful lookout, he should have seen the truck in time to have avoided the collision by either coming to a stop or by swerving inasmuch as there was no other traffic in the vicinity of the collision.

This issue was properly submitted to the jury. The facts do not demonstrate a situation in which the only conclusion that reasonable minds could draw was that Webb was negligent. He was driving within the legal speed limit. The truck backed into the highway at an angle which could have obscured its rear lights to a driver in Webb's situation. Webb saw no lights on the truck. Webb did see the truck in time to react by turning to the right and at least avoiding a full collision with the truck which was occupying practically the entire lane for traffic in which Webb was travelling. Argument that he should have turned to the left because of the absence of traffic in other lanes ignores Webb's explanation that he did not know how far the truck might back onto the highway. This decision is not unreasonable as a matter of law, even under the evidence which showed that the truck had stopped at the time of the collision. Under all of the facts and circumstances, the question of Webb's negligence was for the jury and was not determinable as a matter of law.

In any case such as this, the particular facts determine the issue here argued. Appellants cite two cases in which a driver who ran into the rear of a stopped vehicle was held to have been guilty of contributory negligence as a matter of law. Both are distinguishable on their facts. In Van Sickel v. F. M. Stamper Co., Mo.App., 198 S.W.2d 539, the driver never did see a parked truck equipped with seven red lights burning on the rear. Here, the evidence would have permitted the jury to find that the truck's lights were not visible to Webb. In Lemken v. Brooks Truck Lines, Inc., Mo.Sup., 322 S.W.2d 803, plaintiff ran into the rear of a parked unlighted trailer on a city street at night. Plaintiff did not see the trailer until the moment of impact. Here plaintiff saw the tractor and attempted, unsuccessfully, evasive action.

The cases of Rooney v. Lloyd Metal Products Company, Mo.Sup., 458 S.W.2d 561, and Walker v. Massey, Mo.App., 417 S.W.2d 14, although admittedly not wholly comparable factually with this case, do support the conclusion that, in this case, the negligence of Webb was for the jury.

Appellants assign as error the trial court's failure to declare a mistrial because plaintiffs' attorney read aloud, in the presence of the jury and "in a declaratory"

tone, a purported admission by appellant Rench. Plaintiffs' counsel read to the jury a city ordinance regulating backing of motor vehicles and then said:

"MR. BENJAMIN: Next, we wish to read the admission which was mailed for service April 4, 1968, that Miller was acting in the course and scope of his employment with defendant Merle T. Rench, doing business as R & S Grain Company. This was served on Mr. Russell by mail April 4, 1968, and no answer was received within the ten days of service as provided by the rules."

At the request of defendants' counsel, the matter was passed to be taken up out of the presence of the jury, but defendants' attorney moved for a mistrial on the ground that the plaintiffs' counsel's statement was highly prejudicial and unfair. The trial court overruled the motion "at this time but we will consider the matter further outside the hearing of the jury."

When the matter was presented to the court outside the hearing of the jury, it was revealed that, on April 4, 1968, a request for admission as stated above had been served on defendants' counsel and no answer was received within ten days. Supreme Court Rule 59.01, V.A.M.R. Subsequently, in July, 1968, an answer, "Unknown at the present time," was filed in response to the request. No action was taken by plaintiffs by way of objecting to the response. At a pretrial conference in March, 1969, in a division other than that in which the case was tried, the court permitted Rench to "update" his answer, and he submitted a negative response to the request. Upon being advised of all of the circumstances, the trial court concluded that the negative response had been properly filed and refused to permit plaintiffs to rely upon the failure of defendants to respond to the request within ten days as constituting an admission. With such ruling, nothing further was said on the issue until the motion for new trial, when over-ruling the request for a mistrial was assigned as grounds for a new trial.

■ Regardless of respondents' contention that they were entitled to read the request and treat it as an admission by reason of lack of reply within ten days, we find no error in the trial court's ruling which calls for a new trial. The trial court was obviously unfamiliar with what had occurred in the other division when defendants' request for a mistrial was made. The request was overruled, at that time to permit consideration of the matter. Upon presentation by both sides, the trial court concluded that there was no basis for accepting the failure to respond within ten days as an admission. Defense counsel made no move at that time to renew the motion for a mistrial so that the trial court had no reason to assume that the exclusion of the request as an admission did not satisfy the defendants' objection. The failure to declare a mistrial before it had been fully informed was not an abuse of the trial court's discretion and the absence of request for further relief upon the ultimate ruling of the trial court precludes a finding of reversible error on the grounds here urged.

■ The complaint that the request for admission was read in a "declaratory manner" is made in the motion for new trial and repeated here. The record, of course, does not disclose the tone of counsel's voice and the allegation of the motion for new trial is not self-proving. Whitlock v. Whitlock, Mo.App., 395 S.W.2d 468, 472[8–10].

Judgment affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.