**Scott GILLESPIE, A Minor by Next Friend Laveta GILLESPIE, Appellant,**

v.

**Mary J. GOEDECKE and Coleen Goedecke, Respondents.**

**No. WD 41746.**

Missouri Court of Appeals, Western District.

Jan. 9, 1990.

Thaine Q. Blumer, Blumer & Nally, Kansas City, for appellant.

Spencer J. Brown, Daniel E. Hamann, Deacy & Deacy, Kansas City, for respondents.

Before BERREY, P.J., and TURNAGE and ULRICH, JJ.

TURNAGE, Judge.

Scott Gillespie, by his next friend, filed suit against Mary Goedecke and Coleen Goedecke for damages resulting from a spiral fracture of the left leg which he sustained while he was in the care of the Goedeckes. The jury returned a verdict in favor of the Goedeckes.

Gillespie contends that he is entitled to a new trial because of the intentional concealment by a juror during voir dire that she had filed a lawsuit for personal injuries. Reversed and remanded.

During the voir dire counsel for Gillespie inquired if any member of the panel had made any claims for personal injury. Counsel explained the question by stating that he did not mean necessarily a claim that resulted in a lawsuit but was referring to any claim that had been made for personal injury. When counsel received no response to that question, he inquired if any member of the panel had been involved in any lawsuit other than divorce. One venireman stated that he had been involved in a lawsuit some 20 years before as a defendant but the suit had been settled without trial.

Counsel for the Goedeckes restated the question concerning whether any member of the panel had brought a lawsuit and stated that he wanted to limit the question to suits which sought money damages for personal injury. He stated he wanted to

broaden the question to include members of the family of the venire. That question brought responses of an automobile accident that occurred three years ago, another response of an accident that occurred fifteen years ago, another accident which occurred five years ago and another accident which occurred twelve years ago.

One of the members of the venire was Janice Hanna who served on the jury. Juror Hanna never answered any questions concerning claims or lawsuits during the voir dire. In his motion for a new trial, Gillespie contended that Juror Hanna had intentionally concealed the fact that she had brought a lawsuit against her landlord for personal injury as a result of a rape perpetrated upon her.

Juror Hanna appeared and testified during a hearing on the motion for new trial. Hanna readily agreed that she had filed suit in Jackson County Circuit Court against her landlord claiming personal injury as a result of a rape in her apartment. The exact date of the rape does not appear but from the testimony it would appear to have occurred sometime in 1981. Hanna testified that she retained a lawyer who filed the suit and that during the course of the litigation her deposition was taken in which another lawyer questioned her about the occurrence.

Hanna stated that her lawsuit was settled on June 6, 1984, and agreed that she had received $23,444 in settlement, although she stated her lawyer received most of that amount.

Hanna stated that during the voir dire of this case, which occurred on November 28, 1988, she did not remember her rape and subsequent lawsuit and settlement thereof. She stated that she had spent $75 a week for six months going to a counselor for therapy and part of the therapy was help in forgetting the experience.

Hanna stated that she had been on another panel about two or three years before this case for the trial of an assault charge. She stated that during the voir dire in that case that the assault triggered her memory of the rape and she disclosed it to the attorneys in that case.

The court overruled the motion for new trial. The court filed a memorandum in which it covered the testimony of two jurors in addition to Hanna who had failed to respond to the question of filing a lawsuit. The court found that all of the jurors had unintentionally failed to disclose their prior litigation experience.

It is not necessary to discuss the nondisclosure on the part of the other two jurors in view of the disposition made on the nondisclosure of Juror Hanna. The rules concerning juror nondisclosure are fully set forth in *Williams By Wilford v. Barnes Hosp.*, 736 S.W.2d 33 (Mo. banc 1987). The court there held that it is the duty of a juror on voir dire to fully, fairly and truthfully answer all questions so that his qualifications may be determined and challenges intelligently exercised. *Id.* at 36. The court further held that if a juror intentionally withholds material information which has been requested on voir dire, bias and prejudice are inferred from the concealment. The court further noted that a finding of intentional concealment has " 'become tantamount to a per se rule mandating a new trial' " quoting from *Frenette v. Clarkchester Corp.*, 692 S.W.2d 834, 836 (Mo.App.1985). *Williams* at 37[5].

Considering the facts concerning Juror Hanna in the light of the rules announced in *Williams*, this court concludes that it "unduly taxes our credulity" to believe that Juror Hanna did not remember her rape and subsequent lawsuit at the time of the voir dire. The crime of rape is one of the most reprehensible crimes which one human being may perpetrate upon another. Much has been written about the extreme trauma which this crime inflicts upon the victim. This court has no doubt that being the victim of a rape is perhaps the most degrading experience which a woman might ever experience. It is bound to result in feelings of anger, hurt, and resentment. This court fully recognizes the depths of feeling which must be endured by every victim of rape.

It is the recognition of the extremely traumatic experience of rape that leads this court to conclude that it is unreasonable to

believe that Juror Hanna did not remember her rape, lawsuit and settlement of over $23,000 at the time of the voir dire of this case. Although it had been about eight years since the time of the rape, the settlement was concluded just over four years prior to the voir dire in this case.

Juror Hanna did not state during what period of time her counseling took place, but it would be fair to infer that it occurred shortly after the event, and not within the last two to three years. Significantly, Hanna did not say that the counseling had wiped the rape from her memory. She acknowledged that she remembered the rape just two or three years prior to the voir dire in this case when she was on a jury panel in a criminal case. It would appear that counseling had not erased the memory of the rape because her memory of the rape was still intact two to three years before this case.

Further, Hanna had no difficulty in recalling the rape, the fact that she had filed a lawsuit and the name of her attorney when she was questioned about those matters in this case. The amount of the settlement was not insignificant and although she stated her lawyer received most of the money, it is obvious that she received part of the settlement.

Hanna conceded that she understood the question about bringing a lawsuit and understood that it called for a response on her part concerning the suit she had brought for the rape. Her only reason for failing to mention it was her statement that she did not remember.

In view of the ability of other veniremen to recall automobile accidents from three to twenty years ago, it is unreasonable to believe that Hanna did not remember her rape and subsequent lawsuit four years after the settlement and two to three years after she had recounted the experience in another trial. Her rape and lawsuit were neither insignificant or remote in time and under the test in *Williams* her failure to mention such incident cannot be termed unintentional. *Id.* at 36[3, 4]).

While the trial court has the discretion to determine whether concealment is intentional or unintentional, this court finds the court abused its discretion in finding the nondisclosure to be unintentional. Finding that the concealment by Hanna was intentional, bias and prejudice must be presumed to have influenced the verdict. *Id.* at 38[7].

The judgment is reversed and this cause is remanded for a new trial.

All concur.