**Morris TOBB, Plaintiff–Appellant,**

v.

**MENORAH MEDICAL CENTER et al., Defendants–Respondents.**

**No. WD 42775.**

Missouri Court of Appeals,
Western District.

Feb. 18, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
March 31, 1992.

Gregory W. Vleisides, Catherine A. Donnelly, Kansas City, Margaret M. O'Leary, Chicago, Ill., for plaintiff-appellant.

Darwin E. Johnson, Paul W. Dwight, Kansas City, for defendants-respondents.

Before LOWENSTEIN, C.J., and SHANGLER and TURNAGE, JJ.

LOWENSTEIN, Chief Judge.

The plaintiff Morris Tobb, personal representative of the estate of his deceased wife, Edna Tobb, sued the defendants Menorah Medical Center and doctors Malcolm Shalet, Jack Wolff, Daniel Scharf, Lawrence S. Cohen, and Bernard Levi, for injuries sustained from a stroke suffered by Edna Tobb during implantation of a permanent heart pacemaker in March, 1982. Edna Tobb later died in 1984. The five count petition, alleging various negligent decisions by the doctors, as well as wilful and wanton acts by Dr.'s Shalet, Scharf and Cohen, was tried to a jury, with a verdict rendered for defendants on all counts. Tobb has appealed, arguing seven points of error: 1) plaintiff should have been granted a new trial because a juror did not disclose during voir dire prior involvement as a defendant in a lawsuit, 2) plaintiff should have been granted a new trial because the verdict is against the weight of the evidence, 3) the trial court should have excluded speculative testimony that Mrs. Tobb suffered a condition which necessitated a pacemaker insertion, 4) the trial court should not have allowed defendants to state that Mrs. Tobb would have died without the pacemaker insertion, 5) plaintiff should have been granted a new trial because the verdict for Scharf is against the weight of the evidence in that it is contrary to the documentary evidence, 6) plaintiff should have been granted a new trial based on juror misconduct, singly and in combination with other trial error, and, 7) the trial court prejudicially erred in not curbing note-taking by jury foreman.

### The facts on appeal

Mrs. Tobb suffered from hypertension since the late 1930's. Prior to 1976, she had apparently been prescribed Inderal, an anti-hypertensive medication. In 1976 and 1979 as a patient of the defendant Shalet, her EKG showed an innocuous form of heart block, called "left bundle branch block." Dr. Shalet continued to prescribe Inderal until 1981, when Tobb entered the Menorah emergency room with an inflamed gallbladder. The gallbladder was surgically removed on September 28, 1981, and because Inderal slows the heart rate, Dr. Shalet took decedent off Inderal from September 28 until October 7, 1981. An EKG taken soon after decedent's admittance showed the left bundle branch blockage as "complete," while one taken later, on October 2, four and a half days after decedent's last dose of Inderal, apparently showed an "incomplete" blockage. Dr. Shalet put the decedent back on Inderal, which she took until March 1982.

On March 11, 1982, Mrs. Tobb went to Dr. Shalet, complaining of dizziness, unsteadiness, and difficulty walking. Shalet took an EKG and diagnosed complete heart block and possible heart attack, and sent Tobb to the Menorah emergency room. Dr. Scharf, a cardiologist, was called in, and inserted a temporary pacemaker to increase her heart rate to normal levels. On March 12, Mrs. Tobb signed a consent for a permanent pacemaker, and was operated on that afternoon. Sometime during the operation, she suffered an embolic stroke, a loss of oxygen to the brain caused by a blood clot from the heart blocking an artery to the brain. She was discharged from Menorah on March 21, 1982, and received speech, occupational and physical therapy, which continued under Dr. Shalet's direction until approximately June, 1982. Dr. Shalet saw her through June of 1983, after which she saw no doctors, and then died in May, 1984.

### Failure to grant a new trial

■ Plaintiff Tobb maintains in points two and five that the verdict for defendants was against the weight of the evidence, and that the verdict for Scharf in particular is against the "weight of the documentary evidence." The central issue in this case was whether defendants correctly diagnosed the decedent's medical condition on March 11 and 12, and correctly deemed insertion of a permanent pacemaker necessary. Tobb's lengthy brief points to testimony and documentary evidence that the defendants came to the wrong medical conclusion as to a need for the permanent pacemaker, that defendants did not really know that the pacemaker insertion had not caused the stroke, that the Inderal had caused a temporary blockage not needing a pacemaker insertion, and that the defendants were negligent in not determining this. It is not the place of the appellate court to weigh the evidence, *Nelson v. Tayon*, 265 S.W.2d 409, 416 (Mo. 1954), and it is the trial court alone who may decide that a jury verdict is against the weight of the evidence, *Division of Family Services v. Duncan*, 782 S.W.2d 457, 460 (Mo.App.1990). Furthermore, the plaintiff had the burden of proof, and it is not necessary that there be any evidence to support the defendants' verdict, *Parsons Construction Co. v. Missouri Public Service Co.*, 425 S.W.2d 166, 172 (Mo.1968), *Duncan*, 782 S.W.2d at 460.

The jury obviously did not believe the plaintiff's evidence as to negligence and causation, but believed defendants' evidence that: 1) it was medically necessary to insert a permanent pacemaker in Mrs. Tobb and, 2) the insertion of the permanent pacemaker was not causally related to decedent's embolic stroke. In sum the evidence favorable to the verdict was that the pacemaker was necessary due to degenerative disease and the stroke was in no way linked to the pacemaker. The point is denied.

### Evidentiary rulings

■ Plaintiff maintains in points three and four the trial court made incorrect evidentiary rulings. He alleges two errors: 1) that the trial court should have excluded mention of an "intermittent" heart block because it was speculative evidence, and, 2)

that the defendants should not have been allowed to state the opinion that Mrs. Tobb could have died without insertion of the permanent pacemaker. Plaintiff argues that both pieces of testimony were speculative, prejudicial, and contradicted or disproved by other (his) testimony. Admissability of evidence is within the sound discretion of the trial court, and the standard for reversal for admissability errors is a "substantial or glaring injustice," *State ex rel. Highway and Transportation Com'n v. Pracht*, 801 S.W.2d 90, 93 (Mo.App.1990). This court finds it difficult to see how the evidence of risk of death without a pacemaker would not be relevant, given that most medical decisions must be made through a risk-benefit analysis, or how the defendants' theory of type of blockage would not be relevant. There is nothing in the record showing the evidence to be speculation, rather it appears to be admitted as expert opinion. Finally, contradiction goes to the weight of evidence, not its admissability; the points are denied.

### Juror misconduct

■ Plaintiff's final points pertain to juror misconduct. Point six requests a new trial on the grounds that Juror Gray had in his possession, and possibly in the jury room for an entire day, a library book on heart disease. The plaintiff on noticing the book in court requested the judge to take action; Juror Gray was told to take the book home, and refrain from outside sources for the duration of the trial. Gray did not sign the verdict, so any prejudice from this incident must come from the exposure of the other jurors to the book. No further inquiry was made as to the impact on other jurors, and no instruction or caution was made to the jury as a whole. In *Webb v. Rench*, 476 S.W.2d 570, 575 (Mo. 1972), the Supreme Court of Missouri rejected just such an argument, holding that where the trial court took responsive action, the "absence of request for further relief ... precludes a finding of reversible error." Here, where plaintiff made no request beyond the *in camera* interview with Juror Gray, the trial court could be reasonably assured that the plaintiff was satisfied, and this court holds no reversible error occurred.

■ Even when a juror does obtain relevant information which is not in evidence, a new trial is not warranted unless that information is conflicting with or different from the evidence presented at trial. In *Consolidated School District No. 3 v. West Mo. Power Co.*, 329 Mo. 690, 46 S.W.2d 174, 180 (1931), the court held no new trial was justified when a juror obtained outside information about the result of a transformer burning up, when the information did not differ from the evidence at trial. Here, there is no evidence by the plaintiff as to how the book *Heart Disease* differs in content with the factual evidence at trial. The point is denied.

■ In point seven, the plaintiff objects to note-taking by Juror Groves. Plaintiff states that Juror Groves was twice seen taking notes, and that counsel for plaintiff objected, although the location of the second incident in the transcript is unknown. The substance of the incident pointed out in the transcript is as follows:

MR. VLEISIDES (Plaintiff's Counsel): I think I see a juror taking notes. He had a pad in his hand. He hasn't had it before. He was 'writing something just now.

THE COURT: Keep an eye on him. If he does it again ...

MR. VLEISIDES: Thank you.

On only this record a reversal is not mandated because: 1) trial court's response to note-taking is discretionary, *State v. Malveaux*, 604 S.W.2d 728, 734 (Mo.App.1980), 2) where there is no evidence the notes were made known to other jurors and the jury is cautioned to base decision on evidence, there is no abuse of discretion, *Malveaux, id.*, 3) a party may not assert error of the trial court in failing to do more than the party requested, *Higgins v. Terminal R.R. Ass'n. of St. Louis*, 362 Mo. 264, 241 S.W.2d 380, 386 (1951), and, 4) a responsive ruling by the trial court without a further request for relief precludes a finding of reversible error, *Webb v. Rench*, 476

S.W.2d 570, 575 (Mo.1972). The point is denied.

■ Tobb's most compelling point also has to do with juror Groves. The claim is juror misconduct from the nondisclosure by Groves, who became jury foreman, of prior involvement in a lawsuit as a defendant. Initially, this court points out that the issue was not preserved for review. The jury verdict was rendered on August 18, 1989. On August 28, 1989, the plaintiff filed his JNOV, and motion for new trial, all within the fifteen days allowed by Rule 78.04. This motion did not mention the non-disclosure of prior litigation by Juror Groves. However, on November 9, 1989, approximately two and a half months after the time for filing a motion for new trial had expired, the plaintiff filed a document styled "Plaintiff's Additional Suggestions in Support of Motion for New Trial." This document specifically alleged juror misconduct on the part of Juror Groves, and included an affidavit by opposing lawyer in Groves' prior lawsuit attesting to the existence of the suit. On November 27, 1989, the trial judge overruled plaintiff's motion for a new trial.

■ The point is not preserved because the motion for new trial did not include an objection to the nondisclosure by Juror Groves, and because the subsequent "Additional Suggestions" was not an amendment or further information regarding a previously raised point, but rather introduced to the court a new basis for reversal of the verdict. In *Pruitt v. Community Tire Co.*, 678 S.W.2d 424, 428–29 (Mo.App.1984), the defendant filed a memorandum in support of its post-trial motions, which raised an allegation of error not included in a timely filed motion for new trial. The appellate court ruled that:

> A new and different allegation was presented in the "memorandum" and in this court ... The complaint raised herein the appellant's brief is different from and not included in the timely motion made to the trial court and is not preserved ... In addition, the "memorandum" really amounts to an attempt to file an amended new trial motion after

the 15 day limitation has passed. As such, the grounds stated therein are not preserved. This additional point in an untimely motion was a nullity. *Id.* at 430 (citations omitted).

Again in *Houston by Houston v. Teter*, 705 S.W.2d 64, 66–7 (Mo.App.1985), an appellate court noted that the only time the alleged error was raised was in oral argument on the motion for new trial and in a memorandum filed outside the 15 days. The *Houston* court stated that Rule 78.07 "means what is says," *id.* at 66–7, wherein "allegations of error to be preserved for appellate review must be included in a motion for a new trial." Plaintiff's argument that the parties in *Pruitt* and *Houston* knew of the error before the 15 days were up, while plaintiff's error was "newly discovered," is without merit. The cases do not make such a distinction, the Rule does not, and this court will not. Plaintiff's argument that a court has the inherent power to amend or modify a judgment within the time that a case is within the trial court's jurisdiction is correct, but irrelevant, since the inherent power does not mandate a court to correct errors not properly raised by the parties. The plaintiff's point will therefore be accorded plain error review, under Rule 84.13(c).

In support of the new trial motion, plaintiff presented the following: 1) plaintiff's counsel asked on voir dire:

> MR. VLEISIDES: All right. Have you or any members of your immediate family had a claim made against you that did not necessarily result in a lawsuit? I'm talking about someone who made a claim against you, but didn't follow through and sue or it was resolved without the necessity of any filing of a suit?

2) Juror Groves did not respond; 3) Groves and his wife had a $1127 default judgment taken against them by a finance company some 18 months prior which was satisfied via a garnishment.

■ The rules regarding juror nondisclosure are now set out: 1) a party has the constitutional right to a fair and impartial jury, Mo. Const. art. I, sec. 22(a), *Beggs v. Universal C.I.T. Credit Corp.*, 387

S.W.2d 499, 503 (Mo. banc 1965), 2) it is the duty of a juror on voir dire to answer questions fully, fairly and truthfully, so that his or her qualifications may be judged, *Rickenbaugh v. Chicago, Rock Island & Pacific RR Co.*, 446 S.W.2d 623, 626 (Mo.1969), 3) a juror is not the judge of his or her own qualifications, *Beggs*, 387 S.W.2d at 503, 4) two types of nondisclosure of information requested of a juror occur, intentional and unintentional; intentional nondisclosure occurs where a) it is not reasonable that the juror misunderstood the question, and b) the juror actually remembers the experience, or purported forgetfulness is unreasonable considering the experience, *Williams by Wilford v. Barnes Hosp.*, 736 S.W.2d 33, 36 (Mo. banc 1987), 5) unintentional nondisclosure occurs where the experience forgotten was insignificant or remote in time, or where the juror could reasonably have misunderstood the question, *Barnes Hosp.*, 736 S.W.2d at 36, 6) the determination of intentional v. unintentional nondisclosure is within the sound discretion of the trial judge, *Triplett v. St. Louis Public Service Co.*, 343 S.W.2d 670, 673 (Mo.App.1961), 7) both parties are entitled to an unbiased jury, *Barnes Hosp.*, 736 S.W.2d at 36, 8) where unintentional nondisclosure exists, the inquiry is whether, under the circumstances, the juror's presence on the jury did or may have influenced the verdict so as to prejudice the party seeking a new trial, *Davis v. Kansas City Public Service Co.*, 361 Mo. 61, 233 S.W.2d 679, 685 (1950); *Barnes Hosp.*, 736 S.W.2d at 37, 9) prejudice is a determination of fact for the trial court, its finding to be disturbed only for an abuse of discretion, *Barnes Hosp.*, 736 S.W.2d at 37, and, 10) where intentional nondisclosure exists, bias and prejudice are inferred, *Rickenbaugh*, 446 S.W.2d at 626, such that intentional concealment is tantamount to a per se rule mandating a new trial, *Frenette v. Clarkchester Corp.*, 692 S.W.2d 834, 836 (Mo.App.1985), as recognized in *Barnes Hosp.*, 736 S.W.2d at 37, 11) however, there appears to be some question that this "per se" rule applies when the intentional nondisclosure is unconnected with the case, or has little bearing on the juror's qualifica-

tions, *Alexander v. F.W. Woolworth Co.*, 788 S.W.2d 763 (Mo.App.1990) (false imprisonment and malicious prosecution case where intentional nondisclosure of credit card lawsuit not related and so per se rule not applied)

█ Under the plain error standard, this court holds no manifest injustice or miscarriage of justice resulted from overruling the motion for a new trial. The trial court exercises discretion in determining whether nondisclosure is unintentional or intentional, and it is a question of fact as to whether bias exists. Every case that this court has reviewed concerning juror nondisclosure has delved, post-trial, into the reasons for nondisclosure, and the credulity of the juror's actions: *Beggs v. Universal C.I.T. Credit Corporation*, 387 S.W.2d 499, 503 (Mo. banc 1965) (juror remembered previous lawsuit but thought irrelevant because not same type as trial), *Anderson v. Burlington Northern R. Co.*, 651 S.W.2d 176, 178 (Mo.App.1983) (juror failed to disclose brother's lawsuit in response to "family's claims" because only considered wife "family" now that married), *Frenette v. Clarkchester Corp.*, 692 S.W.2d 834, 835–6 (Mo.App.1985) (personal injury case; one juror believed undisclosed suit irrelevant, other juror "forgot" a major personal injury award to son), *Williams By Wilford v. Barnes Hosp.*, 736 S.W.2d 33, 37–8 (Mo. banc 1987) (medical malpractice; juror "forgot" claim against roofer, juror "forgot" credit card claims but disclosed slip and fall case, juror "forgot" personal injury suit), *Gillespie By Gillespie v. Goedecke*, 782 S.W.2d 467, 468 (Mo.App.1990) (personal injury; juror "forgot" damage suit against landlord for rape). In extreme contrast, there was no testimony here, no evidence presented as to why Juror Groves did not disclose the previous lawsuit. Plaintiff presented only the affidavit of an attorney setting forth the details of the undisclosed lawsuit. However, the plaintiff has the burden of proof in a motion for new trial. Assuming for the sake of argument the nondisclosure here is intentional and bias and prejudice inferred from the concealment, *Williams v. Barnes, supra,*

that inference alone, under this review will not carry the day for the appellant. The prior Groves' suit on a collection is in no way related to this action for medical malpractice so there is no indication this process was flawed by Groves being a defendant in a collection suit. *Alexander v. Woolworth, supra,* at 763. Also, there is no evidence, under *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), to support a reversal of the trial court's implicit finding of no bias. This court finds none, and the point is overruled.

The judgment is affirmed.