Dillard RHODUS, Appellant,

v.

Paul D. WHEELER, M.D., Northland Obstetrics, and Gary D. Hansen, D.D.S., Respondents.

No. WD 49584.

Missouri Court of Appeals, Western District.

June 18, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 30, 1996.

Application to Transfer Denied Sept. 17, 1996.

William H. Pickett, Kansas City, for appellant.

Bradley Honnold, Kansas City, John Rollins, Kansas City, for respondents.

HANNA, Presiding Judge.

Dillard Rhodus brought a medical malpractice/wrongful death claim against defendants, Paul D. Wheeler, M.D., Northland Obstetrics, and Gary Hansen, D.D.S., alleging that defendants' negligent health care services caused the death of his and his ex-wife's unborn child. After trial, the jury unanimously returned a verdict in favor of defendants. The trial court entered judgment on the jury's verdict and subsequently denied Mr. Rhodus' motion for a new trial. He appeals.

In 1986, during her third trimester of pregnancy, Loretta Rhodus had two wisdom teeth extracted by Dr. Hansen. Prior to the surgery, Ms. Rhodus contacted her obstetrician, Dr. Wheeler, who assured her that there should be no complications from the surgery as long as local anesthetic was used. Dr. Hansen extracted the teeth without complication, using local anesthetic, and Ms. Rhodus left his office after the surgery without assistance. Dr. Hansen called Ms. Rhodus that evening to determine her status, and Ms. Rhodus told him that she felt fine.

Three to five days later, Ms. Rhodus realized that there was no fetal movement. At her next scheduled appointment, she reported this to Dr. Wheeler, who determined that the fetus had died.

Originally, both Mr. and Ms. Rhodus filed suit against the defendants. However, the parties dismissed their suit without prejudice. Thereafter, Mr. Rhodus, alone, refiled the suit as the only named plaintiff. On the first morning of trial, Mr. Rhodus' counsel made an oral motion to amend the pleadings to add Ms. Rhodus as a named plaintiff, which the court denied.

■ In his first point, Mr. Rhodus contends that the trial court erred in sustaining the defendants' motion to strike venireperson Kates for cause. Specifically, Mr. Rhodus alleges that there was insufficient evidence for the trial court to conclude that Kates could not be a fair and impartial juror.

■ The record provided by Mr. Rhodus does not contain the transcript of Mr. Kates' voir dire examination. It is the appellant's responsibility to provide this court with a meaningful transcript for review, and this court cannot consider matters not preserved on the record and contained in an approved transcript. *Lee v. Ofield*, 847 S.W.2d 99, 100–01 (Mo.App.1992). The only record we have concerning Kates is the bench conference concerning defendants' motion to strike for cause.

■ Striking a venireperson for cause is within the trial court's discretion and such a ruling "will not be disturbed on appeal unless [it constitutes] a clear abuse of discretion and a real probability of injury to the complaining party." *Ray v. Gream*, 860 S.W.2d 325, 331 (Mo. banc 1993). From the bench conference, we conclude that, although Kates stated that he believed that he could be a fair and impartial juror, his demeanor indicated otherwise. Kates, who had lost a child to Crohn's disease, admitted to fighting with doctors over the illness and blaming them for his son's death. According to defense counsel, Kates slumped in his seat and rolled his eyes in response to his questions. The trial court, based on its own observations, determined that it would be "in the best interest of justice" to strike Kates. The court, in the best position to observe and evaluate the

demeanor of a prospective juror, did not abuse its discretion by striking Kates for cause. *See Morris v. Spencer*, 826 S.W.2d 10, 13 (Mo.App.1992). Point denied.

In his second point, Mr. Rhodus asserts that the court erred in refusing to allow him to amend the pleadings to add Ms. Rhodus as a named plaintiff because she had an absolute right to be a named plaintiff as one of the statutory beneficiaries of a wrongful death action under § 537.080, RSMo 1994. He further contends that this error led the court to commit plain error in allowing the defendants to ask Ms. Rhodus whether she had previously dismissed her claims against them.

Whether or not Ms. Rhodus had an unconditional right to be a named plaintiff is not the issue before us. Ms. Rhodus is not a party to this appeal, and she never filed a motion to intervene. Instead, Mr. Rhodus moved to amend his pleading to add Ms. Rhodus as a named plaintiff pursuant to Rule 55.33(a). While that rule provides that "leave [to amend] shall be freely given when justice so requires," a party does not have an absolute right to amend his pleading. *Jaron Corp. v. Pellet*, 866 S.W.2d 897, 902 (Mo.App. 1993). Rather, the trial court has broad discretion in deciding whether to permit amendments. *Id.* The denial of an amendment is presumed correct and the burden is on the proponent to show that the trial court palpably and obviously abused its discretion. *Id.* Judicial discretion is abused when a ruling is so clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Id.*

The purpose for liberally permitting amendments is to permit matters to be pleaded, which were overlooked or unknown when the action was originally filed. *Downey v. Mitchell*, 835 S.W.2d 554, 556 (Mo. App.1992). That is not the case here. Ms. Rhodus dismissed her original claim against the defendants in November 1989. Mr. Rhodus refiled the claim in March 1991. It was not until the first day of trial, three years after the 1991 claim had been filed, that Mr. Rhodus sought leave to amend the pleadings to add Ms. Rhodus as a party so that she could sit at counsel's table throughout trial. This motion was made in response to defense counsel's motion that Ms. Rhodus not be allowed to sit at counsel's table as a party or remain in the courtroom until after she had testified.

In response to Mr. Rhodus' request, the court noted that Ms. Rhodus was a member of the class entitled to sue and had a vested interest in the lawsuit. However, the court found it "inappropriate at this time and stage to bring her in as a named party in this cause." Although the court denied Mr. Rhodus' motion, it then stated:

> As a compromise, however, I will permit plaintiff's counsel during voir dire or even opening statement to state that she is here, that the mother of the child is here and is going to be called as a witness and under the rules of court, she must remain outside the courtroom and will be out there prior to her testimony.

Since Ms. Rhodus was the first witness to testify, she was in the courtroom during the presentation of the evidence and closing argument.

Mr. Rhodus was a proper and adequate representative of the class of individuals entitled to bring suit. § 537.080.1, RSMo 1994. Given the untimeliness of the motion, as well as the measures taken by the court to ensure that Mr. Rhodus was not unduly prejudiced by the denial of his motion, we find that the court's denial of his motion to amend the pleadings was not arbitrary, unreasonable, or against the logic of the circumstances. Point denied.

Mr. Rhodus also contends that the court committed plain error in failing to take corrective action, *sua sponte*, when defense counsel asked Ms. Rhodus whether she had previously dismissed her claims against defendants. Mr. Rhodus argues that the mere asking of this question so tainted the jury that the court should have declared a mistrial.

Mr. Rhodus objected to this question, the court sustained this objection, and the question was never answered. Mr. Rhodus requested no additional relief. Thereafter, de-

fense counsel embarked on a new line of questioning.

■ "A party may not assert error of the trial court in failing to do more than the party requested." *Tobb v. Menorah Medical Ctr.*, 825 S.W.2d 638, 641 (Mo.App.1992). The responsive ruling by the court without a further request for relief precludes a finding of reversible error. *Id.*

■ The doctrine of plain error, which is rarely applied in civil cases, is reserved for situations in which a manifest injustice or a miscarriage of justice has occurred. *Robertson v. Cameron Mut. Ins. Co.*, 855 S.W.2d 442, 447 (Mo.App.1993). A necessary prelude to the plain error rule is that the error complained of has engendered hatred, passion, or prejudice. *Id.* Because that is not the situation here, we decline to review for plain error. Point denied.

In his third point, Mr. Rhodus alleges that the trial court erred in permitting a "variety of misconduct" by defense counsel in his closing argument. Specifically, Mr. Rhodus complains that the court erred in letting defense counsel make personal attacks on Mr. Rhodus' counsel during closing, in permitting defense counsel to personalize his argument, and in failing to take immediate action, *sua sponte*, to correct defense counsel's misstatement of the law.

■ The trial court has broad discretion in the area of closing arguments, not lightly to be disturbed on appeal. *Lewis v. Bucyrus–Erie, Inc.*, 622 S.W.2d 920, 925 (Mo. banc 1981). Further, counsel is accorded wide latitude in arguing facts and drawing inferences from the evidence, and the law indulges a liberal attitude toward closing argument. *Id.* at 926. Determining the prejudicial effect of final argument is a matter within the discretion of the trial court, and its judgment on that matter will not be disturbed absent an abuse of discretion. *Hoover's Dairy v. Mid–America Dairymen*, 700 S.W.2d 426, 434 (Mo.1985).

■ Mr. Rhodus first contends that the court abused its discretion in denying his request for a mistrial based on defense counsel's alleged personal attacks on Mr. Rhodus' counsel. During closing, defense counsel presented the following argument:

I asked both Mr. and Mrs. Rhodus, didn't Dr. Hansen's office call you the evening of the extraction or the next morning. Oh yes. And he asked, are you all right and how do you feel. Not one word about lightheadedness. Why is it that you suddenly hear lightheadedness? Because [Mr. Rhodus' counsel] has obviously pulled his books out and said that is a sign of—

At that point, Mr. Rhodus' counsel objected. The court stated that it did not believe that the comment was an allegation that he had manipulated witness testimony, overruled the objection, and subsequently denied the motion for a mistrial.

■ The granting of a mistrial "rests in the sound discretion of the trial court which, absent a manifest abuse of discretion, will not be disturbed on appeal. A mistrial is a drastic remedy which should only be granted where the incident is so grievous that the prejudicial effect can be removed in no other way." *Countryman v. Seymour R–II School Dist.*, 823 S.W.2d 515, 518 (Mo.App.1992).

Here, defense counsel's argument was supported by the record in that Mr. Rhodus testified that his memory was refreshed about the issue of lightheadedness by something his attorney had shown him. The trial court's denial of the motion for a mistrial was not an abuse of discretion.

■ Mr. Rhodus next contends that defense counsel improperly personalized the jury during closing argument, by telling a story about how he was punished for someone else's conduct when he was a child. Mr. Rhodus' counsel's objection to this story was overruled. As previously stated, counsel has wide latitude in making his closing argument. *Lewis*, 622 S.W.2d at 926. Further, defense counsel did not attempt to personalize the jurors by asking them to place themselves in the place of the party. *See, e.g., State ex rel. Benz v. Blackwell*, 716 S.W.2d 270, 275 (Mo. App.1986). Rather, defense counsel was arguing to the jurors that they should not place blame on defendants for something for which they were not responsible. The trial court

did not abuse its discretion in allowing the argument. Point denied.

Finally, Mr. Rhodus alleges that the trial court committed plain error in failing to, *sua sponte,* declare a mistrial after defense counsel misstated the law in his closing argument. Defense counsel argued that if Dr. Hansen had done anything wrong, Dr. Wheeler would have had every reason to blame Dr. Hansen in order to avoid liability himself. The trial court sustained Mr. Rhodus' objection to this statement. Mr. Rhodus requested no further relief. As noted earlier, a party may not assert error of the trial court in failing to do more than the party requested. *Tobb,* 825 S.W.2d at 641. The responsive ruling by the court without a further request for relief precludes a finding of reversible error. *Id.* Here, as in point two, we decline plain error review. Point denied.

In his fourth point, Mr. Rhodus argues that the trial court erred in allowing defense counsel to question Ms. Rhodus about procedures that she had undergone during previous pregnancies in that these events bore no substantial similarity to the events giving rise to the instant case. Specifically, Mr. Rhodus objected to questions concerning the use of anesthetics in prior caesarean sections, whether Ms. Rhodus inquired into the risks associated with using local anesthetics during her prior caesarian sections, her prior wisdom tooth extraction, wearing a seat belt in her seventh or eighth month of pregnancy, and her placement in a dental chair in June 1986. Essentially, Mr. Rhodus contends that this evidence was irrelevant.

The trial court is granted broad discretion in determining the relevance of evidence and its rulings will not be disturbed on appeal unless an abuse of discretion is shown. *Koontz v. Ferber,* 870 S.W.2d 885, 891 (Mo.App.1993). Evidence is considered relevant if it tends to prove or disprove a fact in issue or corroborates other relevant evidence. *Id.* An abuse of discretion is shown only when the trial court's ruling is clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that the ruling shocks the sense of justice and indicates a lack of careful and deliberate consideration. *Id.*

This case involved complex issues of alleged negligence in prenatal care, improper use of a local anesthetic, and improper positioning during oral surgery. The trial court did not abuse its discretion in permitting defense counsel to question Ms. Rhodus about these matters.

Mr. Rhodus also contends that the trial court erred in allowing defense counsel to pose hypothetical questions, which omitted key facts in evidence or contained facts not in evidence, to Mr. Rhodus' expert witnesses. However, Mr. Rhodus fails to cite specific portions of the record containing any such hypotheticals. We refuse to embark on a hunting exposition in order to review their propriety.

Appellant, however, does specifically cite two hypotheticals in which defense counsel asked Mr. Rhodus' experts to assume facts that were in dispute. The court overruled Mr. Rhodus' objections to these hypothetical questions.

"The sufficiency of a hypothetical question is addressed to the sound discretion of the trial court." *St. Louis S.W. Ry. Co. v. Federal Compress and Warehouse Co.,* 803 S.W.2d 40, 44 (Mo.App.1990). However, when an expert is asked to assume certain facts as true in order to answer a hypothetical question, those facts must be established by the evidence. *Id.*

Mr. Rhodus does not object to the hypotheticals on the ground that they were not supported by the evidence. Instead, he objects because the experts "were asked to hypothesize something with which they did not agree and use it as a valid basis for the hypothetical question." We, therefore, must assume that the facts supporting the hypothetical questions were supported by the evidence, as the issue was not raised at trial or preserved for appeal. Point denied.

In his final point, Mr. Rhodus argues that the cumulative effect of the errors raised on appeal is sufficient to warrant reversal and remand for a new trial. Because we have found no error on the part of the trial court, there can be no cumulative error on which to

base a reversal and remand for new trial. *Philmon v. Baum*, 865 S.W.2d 771, 779 (Mo. App.1993).

The judgment is affirmed.

SMART and ELLIS, JJ., concur.