**Marsha and Phil RICHESON, Appellants,**

v.

**SPRINCO, INC., and Planned Parenthood Affiliated, Respondents.**

**No. WD 52295.**

Missouri Court of Appeals, Western District.

Oct. 22, 1996.

Rudolph Veit, Jefferson City, for appellants.

Peggy Richardson, Jefferson City, for respondents.

SPINDEN, Judge.

When Marsha Richeson fell in the offices of Planned Parenthood Affiliated in Jefferson City, she and her husband sued the building's owner, Sprinco, Inc. The circuit court granted Sprinco's motion for summary judgment on the ground that Sprinco did not retain sufficient control over the property to subject it to liability. Richeson and her husband appeal. We affirm.

On March 10, 1994, Richeson attended a business meeting in Planned Parenthood's conference room. When she walked into the room for the first time, she stumbled and nearly fell over a 1½-inch step between the conference room floor and the hallway floor. About 20 minutes later, she tripped and fell as she walked out of the conference room. The fall fractured her elbow. Richeson contends that the step caused her fall and injuries.

Planned Parenthood leased the property from Sprinco. Before leasing the building to Planned Parenthood, Sprinco removed a small, wooden block with a diagonal face from the conference room doorway while installing new carpeting. Sprinco used the same color carpeting for the hall, step and conference room. When Richeson fell, the step was in the same condition as it was when Planned Parenthood began renting the building from Sprinco. The lease between Planned Parenthood and Sprinco provided:

> 4. Services
>
> (a) Maintenance: [T]enant agrees to take good care of the premises, to perform ordinary and routine maintenance of the premises and they shall not be altered, repaired or changed without the written consent of Landlord, and that, unless otherwise provided by written agreement, all alterations, improvements and changes that may be required shall be done either by or under the direction of Landlord but at the cost of Tenant.
>
> . . . .
>
> 10. Inspection: Tenant shall permit Landlord and his agents to enter into and upon said premises at all reasonable times for the purpose of inspecting the same or for the purpose of maintaining the building

in which said premises are situated or for the purpose of making repairs, alterations or additions to any other portion of said building.

Sprinco's managing agent, Donald Stokes, acknowledged that, although Sprinco typically kept a key to its premises, it did not have a key when Richeson fell.

Planned Parenthood notified Sprinco of Richeson's fall. A brief time later, Sprinco installed a ramp between the conference room and hallway floors and recarpeted the area.

Richeson and her husband sued Sprinco for damages resulting from Richeson's fall. Sprinco filed a motion for summary judgment which the circuit court granted. The circuit court concluded that Sprinco, as the owner of the leased premises, did not retain sufficient control over the premises to subject it to liability. Richeson and her husband appeal.

The Richesons assert that the circuit court should have denied Sprinco's motion for summary judgment because they established an issue of fact as to whether Sprinco retained control over the property. In particular, they contend that they presented evidence that (1) Sprinco was responsible for the condition of the premises as evidenced by its creation of the step before leasing the premises, (2) Sprinco repaired the premises after Richeson fell, (3) the lease prohibited Planned Parenthood from altering, repairing or changing the premises without Sprinco's consent, (4) the lease required that any alterations, improvements or changes be done by or under the direction of Sprinco, and (5) the lease gave Sprinco the right to enter the premises to inspect, to maintain, to repair, or to alter the premises.

■ The general rule is that landlords are not liable for personal injuries received by a tenant or a tenant's invitees. *Newcomb v. St. Louis Office for Mental Retardation and Developmental Disabilities Resources,* 871 S.W.2d 71, 74 (Mo.App.1994).

A landlord may be liable, however, if (1) the landlord has knowledge of a dangerous condition not discoverable by the tenant and fails to disclose that condition, (2) the injury

occurs in a common area, or (3) the landlord is responsible for making repairs and negligently fails to do so. *Id.* In this case, none of these exceptions apply. The step was not an undiscoverable, dangerous condition;[1] Richeson's injury did not occur in a common area; and Sprinco was not responsible for making the repairs.

■ A landlord, however, may still be liable for injuries to a tenant or a tenant's invitees resulting from defects in the premises which existed when the tenant took possession of the property, if the tenant or invitees can establish that the landlord maintained control over the premises. *Mitchell v. O'Hearne,* 795 S.W.2d 603, 605 (Mo.App. 1990). Determination of whether the amount of control a landowner exerts is sufficient to incur liability turns largely on the extent to which the landowner permits the tenant to treat the premises as belonging to the tenant. For example, in a case in which a landowner retained a key to the premises to use to gain entrance for inspections of the property and to make repairs at the landowner's expense, and the tenant had little control over the property, the landowner was deemed to be liable. *Lemm v. Gould,* 425 S.W.2d 190 (Mo.1968).

■ In their assertion that Sprinco maintained sufficient control over the premises to render it liable, the Richesons emphasized Sprinco's lease agreement. The lease, however, obligated Planned Parenthood to pay for any necessary repairs. The lease gave Sprinco a right to enter the premises for inspection, but only after making arrangements with Planned Parenthood for entry at reasonable times. The lease did not obligate Sprinco to make any repairs. Sprinco did retain the right to approve any repairs undertaken by Planned Parenthood, but the Supreme Court of Missouri, in a case involving a similar provision, concluded that the provision was not a "reservation of a right of control as shows 'a sharing of control as between landlord and tenant.'" *Horstman v. Glatt,* 436 S.W.2d 639, 644 (Mo.1969)(quoting *Lemm,* 425 S.W.2d at 195). The court ruled that any instances of

control relied upon by the tenant must have some relationship to the situation which produced the injury. *Id.* A lease provision giving the landlord the right to enter and inspect the premises and to make repairs is "designed to afford to the lessor the protection of his interest upon termination of the lease." *Id.*

The lease provisions did not relate to Richeson's fall. Sprinco did not repair or alter the step while Planned Parenthood was in possession of the property before Richeson fell. The Richesons did not present any evidence showing that Sprinco exercised control over the property while Planned Parenthood occupied it.

That Sprinco usually had a key to get in the property does not establish that Sprinco retained control over the property. The evidence established that Sprinco did not have a key when Richeson fell. This indicates that whatever reason Sprinco had for retaining a key in the normal course of business, its reason for doing so "had no relationship to any attempt to control or possess the premises while [the tenant] lived there." *Erhardt v. Lowe,* 596 S.W.2d 489, 491 (Mo.App.1980).

■ The Richesons also contend that they established a material issue of fact concerning Sprinco's exercise of control by showing that Sprinco repaired the premises after Richeson fell. "Repairs made, without a binding contractual obligation to repair, after the tenant has taken possession, do not show that the landlord has retained control for the purpose of making repairs." *Mitchell,* 795 S.W.2d at 605 (landlord repaired a garage door 17 days after a tenant was injured by the door). Sprinco did not have a binding contractual obligation to alter the step after Richeson fell. The lease merely required that any alterations requested by Planned Parenthood and approved by Sprinco be done by Sprinco or under its direction.

Because we conclude that Sprinco did not retain sufficient control over the property to hold it liable for Richeson's injuries, we need not address the Richesons' other contentions of error that the step was not so open and obvious as to release Sprinco from liability as

---

1. Planned Parenthood knew that the step was    there and did not perceive it to be a problem.

a matter of law and that Richeson did not assume any risk of using the step even though she was aware of the step. We affirm the judgment of the circuit court.

ULRICH, C.J., P.J., and EDWIN H. SMITH, J., concur.