NEENAN COMPANY, a Corporation,
Respondent,

v.

Michael E. COX d/b/a Mike Cox
Plumbing, Appellant.

No. WD 53877.

Missouri Court of Appeals,
Western District.

Nov. 25, 1997.

Richard T. Brewster, Jr., Kansas City, for Respondent.

Daniel W. Olsen, Raymore, for Appellant.

Before SPINDEN, P.J., and LAURA DENVIR STITH and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Michael E. Cox, doing business as "Mike Cox Plumbing," appeals the judgment of the Circuit Court of Jackson County awarding Neenan Company, respondent, $8,684.32 in principal and interest on a past-due account and $11,581.47 in attorney fees.

Appellant advances five points on appeal. He claims that the trial court erred in that it: (1) abused its discretion in overruling his motion for leave to file a counterclaim out of time; (2) abused its discretion because it sustained respondent's hearsay objection to statements offered by appellant to show that an agent of respondent had promised credits on his account; (3) abused its discretion because it refused to allow evidence of credits on appellant's account which were not given; (4) abused its discretion in awarding $11,-581.47 in attorney fees to respondent; and

(5) was not an impartial tribunal because it prejudged the issues in the case.

We reverse and remand.

## Facts

Respondent, Neenan Company, is a Missouri corporation which sold plumbing supplies and materials to appellant for a number of years. From November 1995 to June 1996, respondent sold plumbing supplies and materials to appellant through its agent, Dan Orpin. During this period, a dispute developed between the parties on the amount owed on the appellant's account.

On September 6, 1996, in an associate division of the Jackson County Circuit Court, respondent filed a petition on account in which it requested judgment for the total amount which it claimed remained outstanding for the sale of supplies and materials made to appellant between November 1995 and June 1996. The petition, which was served with a summons on appellant on September 24, 1996, requested that the court award $39,519.21 in principal, $5,230.78 in interest, and $11,187.50 in attorney fees[1] to respondent. The original return date on the summons was October 7, 1996, but was continued to November 18, 1996. On November 14, 1996, appellant voluntarily paid respondent $37,641.56, the full amount which he believed he owed on his account. On November 16, 1996, appellant filed an answer to respondent's petition wherein he claimed that respondent had committed numerous errors in its computation of the amount due on his account.

Subsequent to making the payment of $37,641.56, appellant concluded that the payment was actually $5,000 more than what he believed he owed, and thus he had overpaid

respondent. He based this conclusion on his belief that respondent had failed to give him credits on his account for warranty materials, materials returned, materials incorrectly shipped, incorrect quantities billed, incorrectly priced materials and service charges wrongly assessed. On December 24, 1996, based upon this belief, appellant filed a motion for leave to file a counterclaim out of time[2] seeking a judgment for the $5,000 which he asserted was an overpayment and an application for a continuance. On December 30, 1996, the court denied both motions.

On January 2, 1996, the first day of trial, which was judge-tried, appellant renewed his motion for leave to file his counterclaim out of time, which was again denied. During trial, appellant attempted to offer into evidence four exhibits which reflected transactions between the parties from February 1994 to March 1996[3], for the purpose of showing that he was due credits on his account with respondent which would change the total amount outstanding on his account. Respondent objected to each exhibit on the grounds they were irrelevant in that they included evidence of transactions which were not the subject of the lawsuit, all of which were sustained by the court. Appellant then proceeded to make an offer of proof as to Exhibits 2, 3 and 4.

At the close of all the evidence, the court entered judgment for respondent against appellant for $8,684.32 in principal and interest and $11,581.47 in attorney fees.

This appeal follows.

## I.

In his first point, appellant claims that the trial court erred in overruling his motion of December 24, 1996, for leave to amend his

---

1. Respondent's claim for attorney fees was based upon a credit agreement between the parties which provided for reasonable attorney fees in the event collection on an account overdue was referred to an attorney.

2. Appellant requested that the court give him until January 10, 1997, to file his counterclaim.

3. Defendant's Exhibit 1 was a list of purchases by appellant from respondent from February 1994 through February 1996. Defendant's Exhibit 2 consisted of invoices from respondent to

appellant dating from February 1994 through March 1996. Defendant's Exhibit 3 consisted of spreadsheets that listed credits which appellant claimed he was to receive for warranty material, material returned, material wrongly sent, incorrect quantities billed, incorrectly priced materials, and service charge credits covering February 1994 through January 1996. Defendant's Exhibit 4 consisted of packing slips from respondent to appellant for material shipped from January 1995 through October 1995.

pleadings to file a counterclaim out of time, because it was an abuse of discretion in that: (1) the failure to allow him leave to amend caused him tremendous hardship in that his claim was a compulsory counterclaim, which would be barred if not filed in the instant case; (2) the counterclaim did not mature until after the time for filing counterclaims had passed; and, (3) there would be no resulting injustice to respondent if appellant were allowed to file his counterclaim out of time. We agree.

As to his counterclaim, appellant asserts that he was due credits on the billings sued upon by respondent for warranty materials, materials returned, materials incorrectly shipped, incorrect quantities billed, incorrectly priced materials and service charges wrongly assessed. He also asserts that it was not until November 14, 1996, after respondent had filed suit on his account and he had voluntarily paid $37,641.56 of the $44,749.99 prayed for in respondent's petition, that he became aware of the fact that he had overpaid what was due on his account, given the credits he did not receive, and was entitled to a return of the overpayment totaling approximately $5,000. Respondent argues that the court's refusal to grant appellant's motion for leave to file his counterclaim out of time was not error because the motion was not filed until December 24, 1996, only nine days prior to trial and failed to allege sufficient grounds for granting leave.

■ Respondent's claim against appellant was filed in an associate division of the Circuit Court of Jackson County. Rule 41.01(d) provides that Rules 41 through 101 shall apply to civil actions filed in associate circuit divisions, except where otherwise provided by law. As such, the filing of a counterclaim in an associate division is governed by § 517.031. *Manor Square, Inc. v. Heartthrob of Kansas City, Inc.*, 854 S.W.2d 38 (Mo.App. 1993). Section 517.031[4] provides in pertinent part that all counterclaims filed in an associate division of a circuit court must be filed no later than the return date and time of the summons, unless leave to file at a later date is granted by the court. Here, the original return date on the summons was

October 7, 1996, which was subsequently continued to November 18, 1996. We interpret "return date" under § 517.031 to mean the return date as continued. Thus, appellant was required to file any counterclaim he wished to assert on or before November 18, 1996, unless leave of court was granted. Appellant filed his answer on November 16, 1996, but did not file a timely counterclaim, necessitating leave of court to file it out of time.

■ Although the filing of a counterclaim in an associate division is governed by § 517.031.2, because it is silent as to an omitted counterclaim, then to that extent, pursuant to Rule 41.01(d), Rule 55.32(e) would apply. Rule 55.32(e) treats omitted counterclaims sought to be filed out of time with leave of court as amendments to the pleadings. Therefore, in determining whether the trial court here abused its discretion in failing to grant appellant leave to file his counterclaim out of time, we look to Rule 55.33(a), which deals with allowing amendments to pleadings.

■ Rule 55.33(a) provides, in pertinent part, that a pleading may be amended by leave of court and "leave shall be freely given when justice so requires." However, a party does not have an absolute right to amend his pleading. *Rhodus v. Wheeler*, 927 S.W.2d 433, 436 (Mo.App.1996). The denial of an amendment is presumed correct and the burden is on the proponent to show that the trial court clearly and palpably abused its discretion. *Id.* "Judicial discretion is abused when a ruling is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Id.* Thus, we must determine if the trial court's refusal here to grant appellant leave to file his counterclaim out of time constituted an abuse of discretion. Factors which courts consider in exercising their discretion in allowing leave to amend pleadings include:

(1) the hardship to the moving party if leave to amend is denied;

4. All statutory references are to RSMo 1994,    unless otherwise indicated.

(2) the reasons for the moving party's failure to include the matter in the original pleadings; and

(3) the injustice to the nonmoving party should leave to amend be granted.

*Lester v. Sayles*, 850 S.W.2d 858, 869 (Mo. banc 1993). We will discuss these factors individually as they apply to the case at bar.

▮▮▮ As to the first factor, "the hardship to the moving party if leave to amend is denied," the critical consideration is whether appellant's alleged counterclaim is permissive or compulsory in nature. On this issue, the basis of the counterclaim which appellant sought to assert here, as discussed, *supra*, allegedly arose from his post-petition payment of $37,641.56 to satisfy the claimed debt to respondent of $44,749.99, which counterclaim would be part and parcel of the same transactions and occurrences, which were the subject matter of respondent's suit. Rule 55.32(a), the "Compulsory Counterclaim Rule," compels a party to state any claim it has against its adversary which arises out of the transaction or occurrence which is the subject matter of the suit. *Evergreen Nat. Corp. v. Killian Const. Co.*, 876 S.W.2d 633, 635 (Mo.App.1994). "The compulsory counterclaim is a means of bringing together all logically related claims into a single litigation, through the penalty of precluding the later assertion of omitted claims." *Id.* A court lacks jurisdiction to decide a later action taken on a matter if that action should have been brought previously as a compulsory counterclaim. *Id.* Here, given the basis of respondent's claim, appellant's counterclaim would appear to be a compulsory counterclaim, requiring it to be filed in the instant action or being barred from later filing. Further, both parties agree in their briefs that appellant's counterclaim was compulsory. As such, we find the trial court's refusal to allow appellant leave to file his counterclaim out of time effectively precluded him from ever asserting it, resulting in obvious hardship to him.

▮▮▮ As to the second factor, "the reasons for the moving party's failure to include the matter in the original pleadings," appellant asserts that his failure to timely file his counterclaim resulted from the fact it did not mature until after it was required to be filed by § 517.031. In this respect, as we discussed, *supra*, the triggering event of appellant's counterclaim was his post-petition payment, which was made four days prior to the continued return date of the summons, November 18, 1996. As a result, appellant's counterclaim technically matured four days prior to the deadline for filing it. However, the purpose for liberally permitting amendments to pleadings is to permit matters to be pled which were overlooked or which may have been unknown to the parties at the time the original pleading was filed. *Downey v. Mitchell*, 835 S.W.2d 554, 556 (Mo. App.1992). Although it appears that appellant's counterclaim technically matured before the applicable return date, he had only four days to timely file it under § 517.031.2. Given this short period of time, the large number of transactions between the parties, and the arduous task of matching credits appellant claimed he was due against the charges which he conceded were billed, we find it would have been very difficult, if not near impossible, for him to have filed his counterclaim by the continued return date of November 18, 1996. It is precisely for circumstances such as these that Rule 55.32(e) allows omitted counterclaims to be filed by amendment with leave of court.

Finally, as to the third factor, "the injustice to the nonmoving party should leave to amend be granted," it is not apparent from the record here how respondent would have suffered any substantial injustice if appellant had been granted leave to file his counterclaim out of time. Respondent argues that it would have suffered an injustice given the fact that appellant's motion for leave to file his counterclaim out of time would have delayed the trial in that the motion was not filed until nine days before trial and appellant in his motion requested that he be allowed eight days after the initial trial setting to file his counterclaim. The court's stated basis for not granting appellant's motion to file the counterclaim out of time was, "I just disapprove of it because the case was set for trial, and I get this thing a couple of days prior." This is consistent with respondent's claim of resulting injustice. Although it is

certainly laudatory to bring a case to final resolution within a reasonable time frame, here, based upon our review of the record, it does not appear that delay had become an issue in that this case had not been previously continued nor had it been pending for a lengthy period of time. And, other than the short continuance requested by the appellant to file his counterclaim out of time, there was no indication that any other continuance would have been required if appellant's motion had been granted.

Based on our review of the record, in light of the factors discussed, *supra,* we hold that the trial court abused its discretion in not granting appellant's motion for leave to file his counterclaim out of time. And, given the nature and basis of appellant's counterclaim and the fact it is, factually and legally, inextricably intertwined and enmeshed with the claim of respondent, we do not believe that a reversal and remand on appellant's counterclaim alone could be fairly effectuated. Thus, we reverse the judgment and remand the cause, not just for further proceedings on appellant's counterclaim, but for a new trial on respondent's claim against appellant as well.

Having determined that a new trial is necessary to address the merits of appellant's counterclaim in light of respondent's claim, we need not address the issues raised in appellant's remaining points on appeal in that the probability of these issues arising on retrial is not readily apparent.

### Conclusion

We reverse the judgment of the trial court awarding respondent $8,684.32 in principal and interest and $11,581.47 in attorney fees, and remand the cause for a new trial with instructions that the trial court, consistent with this opinion, permit the filing of appellant's counterclaim as asserted in his brief.

All concur.