**Larry CHOATE and Cyrus E. Potter, Respondents,**

v.

**Naoma Potter HICKS, Appellant.**

No. 22022.

Missouri Court of Appeals,
Southern District,
Division Two.

May 6, 1998.

Kerry D. Douglas, Bolivar, for Appellant.

Lee Chestnut, Springfield, for Respondent.

MONTGOMERY, Chief Judge.

Naoma Potter Hicks (Defendant) appeals from an order of the trial court denying her Motion for Leave to File First Amended Answer and Counterclaim. Because the trial court's order is not a judgment within the meaning of Rule 74.01(a),[1] the appeal must be dismissed.

The trial court denied Defendant's motion in a document entitled "Order." It recites, *inter alia*, that "Defendant's Motion for Leave to File First Amended Answer and Counterclaim is hereby denied."[2] The order is stamped "Filed," and the judge's signature

appears at the bottom of it. The word "judgment" does not appear in the text or title of the document.

The existence of a final judgment is a prerequisite to appellate review. *Brooks v. Director of Revenue*, 954 S.W.2d 715, 716 (Mo.App.1997). If the trial court's ruling is not a final judgment, this court lacks jurisdiction and must dismiss an appeal therefrom. *City of St. Louis v. Hughes*, 950 S.W.2d 850, 852 (Mo. banc 1997). A judgment must be written, signed by the judge, denominated "judgment," and filed. Rule 74.01(a).[3] The trial court's order in the instant case, though written, signed, and filed, is not denominated "judgment," and is therefore not a judgment according to Rule 74.01(a). *Hughes*, 950 S.W.2d at 853.

Defendant's appeal is dismissed for want of jurisdiction.

SHRUM and BARNEY, JJ., concur.

---

1. Rule references are to Missouri Court Rules (1998).

2. In recognition of Rule 74.01(b), the order further recites that "there is no just reason for delay for the reason that the Court's ruling affects the parties' rights with respect to the remaining issues, and therefore these rulings are designated as final for purposes of appeal."

3. Effective July 1, 1998, Rule 74.01(a) provides, in part, that a "judgment is entered when a writing signed by the judge and denominated 'judgment' *or 'decree'* is filed." (Emphasis added.)