Larry **CHOATE** and Cyrus E. Potter, Respondents,

v.

Naoma Potter **HICKS**, Appellant.

No. 22392

Missouri Court of Appeals, Southern District, Division One.

Jan. 12, 1999.

**612**

Kerry D. Douglas, Bolivar, for appellant.

No appearance, for respondent.

JOHN E. PARRISH, Judge.

This is an appeal from a judgment denying appellant's motion to file a "First Amended Answer and Counterclaim." The trial court found, pursuant to Rule 74.01(b), that there was no just reason for delay. It concluded its judgment was "final for purposes of appeal."[1] The judgment is reversed. The case is remanded with directions.

Respondents sought partition of a tract of real estate located in Dallas County, Missouri, in which appellant claimed an interest by reason of a warranty deed dated October 30, 1992. Respondent Cyrus E. Potter, a single person according to the face of the warranty deed, was grantor. Grantees were "CYRUS E. POTTER, a single person, and NAOMA POTTER HICKS, a married person, ... as joint tenants with right of survivorship, and not as tenants in common."

Respondent Cyrus E. Potter executed a second warranty deed dated April 10, 1995, by which he, as grantor, purported to convey the same real estate to respondent Larry Choate. The second warranty deed recites, immediately after the description of the real estate and the habendum, "Grantor reserves unto himself a life estate in the above property." Both warranty deeds were recorded in the deed records of Dallas County, Missouri, the first having been recorded October 30, 1992, and the second April 12, 1995.

The petition on which respondents were proceeding when appellant sought leave to file an amended counterclaim sought partition of the real estate.[2] The "First Amended Counterclaim" appellant desired to file is an action to set aside the April 10, 1995, warranty deed. It alleges that prior to the April 10, 1995, conveyance, respondent Larry Choate

---

1. The trial court initially entered an order denying appellant's motion. An attempted appeal of that order was dismissed because no judgment within the meaning of Rule 74.01(a) was entered. See *Choate v. Hicks*, 968 S.W.2d 255 (Mo.App. 1998). The trial court thereafter entered the judgment that is the basis for this appeal.

2. Respondents' initial petition had two counts. The first count was an action to set aside the warranty deed dated October 30, 1992. The second count was an alternative claim for partition. Respondent Cyrus E. Potter dismissed his part of the action to set aside the October 30, 1992 warranty deed. The trial court subsequently granted summary judgment in favor of appellant and against respondent Larry Choate as to his part of the action to set aside the October 30, 1992, deed.

had the opportunity to, and did, exercise undue influence to destroy respondent Cyrus E. Potter's free choice and will. It seeks to set aside the April 10, 1995, warranty deed on the basis that the deed was procured by the exercise of undue influence by respondent Larry Choate.

■ Appellant contends the trial court abused its discretion in denying her motion for leave to file the first amended counterclaim. She contends the trial court's denial of her motion prevented her from invoking equitable jurisdiction to test the validity of the April 10, 1995, conveyance and "the severance of the survivorship estate between the Appellant and her father, [respondent] Cyrus E. Potter." She argues that partition of the real estate would render her challenge to the validity of the conveyance moot.

■■ Rule 55.32(e) permits a counterclaim to be asserted, with leave of court, by amending an answer. The decision to grant or deny a request to amend a pleading to assert a counterclaim or amend a previously asserted counterclaim lies within the sound discretion of the trial court. *Baker v. City of Kansas City,* 671 S.W.2d 325, 329 (Mo.App. 1984). A decision to deny a request to amend will not be disturbed on appeal unless there is a showing that the court palpably and obviously abused its discretion. *Id.*

■ "The determination of whether a circuit court abused its discretion in denying leave to amend is best measured in terms of whether justice is furthered or subverted by the course taken." *Id.* Factors to be considered include:

(1) the hardship to the moving party if leave to amend is denied;

(2) the reasons for the moving party's failure to include the matter in the original pleadings; and

(3) the injustice to the nonmoving party should leave to amend be granted.

*Neenan Co. v. Cox,* 955 S.W.2d 595, 598–99 (Mo.App.1997).

### Hardship On Moving Party

■ In assessing the hardship imposed on the moving party by denial of a request to amend a pleading to assert a counterclaim, "the critical consideration is whether appellant's alleged counterclaim is permissive or compulsory in nature." *Id.* at 599.

Rule 55.32(a), the "Compulsory Counterclaim Rule," compels a party to state any claim it has against its adversary which arises out of the transaction or occurrence which is the subject mater of the suit. *Evergreen Nat. Corp. v. Killian Const. Co.,* 876 S.W.2d 633, 635 (Mo.App.1994). "The compulsory counterclaim is a means of bringing together all logically related claims into a single litigation, through the penalty of precluding the later assertion of omitted claims." *Id.* A court lacks jurisdiction to decide a later action taken on a matter if that action should have been brought previously as a compulsory counterclaim. *Id.*

*Id.*[3]

For a counterclaim to be compulsory, (1) it must arise out of the same transaction or occurrence that is the subject matter of the principal action and (2) must not require the presence of other parties for its adjudication. Rule 55.32(a). *See* n. 3, *supra.*

The terms "transaction" and "subject matter" are explained in *Wamsganz v. Washington County Mercantile Bank,* 783 S.W.2d 435 (Mo.App.1989):

"The term 'transaction' in Rule 55.32(a) is intended to include all facts and circumstances constituting the foundation of the claim and shall be applied so as to bring all logically related claims into a single litiga-

---

**3.** Rule 55.32(a) states:

A pleading shall state as a counterclaim any claim that at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the

pleader need not state the claim if: (1) at the time the action was commenced the claim was the subject of another pending action or (2) the opposing party brought suit upon the claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 55.32.

tion." *Westoak Realty and Investment, Inc. v. Hernandez,* 682 S.W.2d 120, 124 (Mo.App.1984). The "subject matter" of opposing party's action consists of "physical facts, things real or personal, the money, lands, chattels, and the like, in relation to which the suit is prosecuted." *State ex rel. J.E. Dunn, Jr. & Associates, Inc. v. Schoenlaub,* 668 S.W.2d 72, 75 (Mo. banc 1984). Therefore, "transaction" as it appears in Rule 55.32 is to be applied in the broadest sense. *Id.*

*Id.* at 437.

*Stevinson v. Deffenbaugh Industries, Inc.,* 870 S.W.2d 851 (Mo.App.1993), suggests:

> For purposes of [Rule 55.32(a)], the term "transaction" is to be applied in its broadest sense. [*State ex rel. J.E. Dunn, Jr. & Associates, Inc. v. Schoenlaub, supra.*] The term "is one of broad and flexible meaning and is intended to include all the facts and circumstances constituting the foundation of a claim and shall be applied so as to bring all logically related claims into a single litigation." *Jewish Hospital of St. Louis v. Gaertner,* 655 S.W.2d 638, 641 (Mo.App.1983). Significantly, when the facts which would support a defense to the original claim would also support a counterclaim, the two arise from the same transaction. *Id.* at 640; *Cantrell v. City of Caruthersville,* 359 Mo. 282, 221 S.W.2d 471, 477 (1949).

*Id.* at 857.

The genesis of the parties' interests in the real estate that is the subject of respondents' partition action is the October 30, 1992, warranty deed and the April 10, 1995, warranty deed. The subject of appellant's proposed counterclaim is the April 10, 1995, warranty deed. Appellant seeks to set aside the April 10, 1995, deed. Should that occur, respondent Larry Choate would have no interest in the real estate in question, and respondent Cyrus E. Potter's interest would be different than if the deed were valid. Thus, both actions arise out of the same transaction that is the subject matter of respondents' claim. The adjudication of appellant's claim would not require the presence of third parties.

If appellant is precluded from asserting her claim by amending her pleading, she cannot thereafter pursue it for the reason that it would be a compulsory counterclaim. The trial court's refusal to allow appellant to amend her pleadings so as to assert the proposed counterclaim subjects her to obvious hardship.

### Reasons For Not Including Matter In Original Pleadings

Appellant suggests in her brief that an action to set aside the April 10, 1995, warranty deed was not asserted at the time her answer to the original petition was filed because she perceived the dominant issue to be whether a remainderman could assert a claim for partition; that her original belief was that only the life tenant could pursue that remedy. She asserts that it was only after the trial court ruled it would allow partition to proceed that she recognized a need to amend her pleading to include a counterclaim to set aside the April 10, 1995, warranty deed.[4]

Appellant's brief asserts:

> It was after the [trial] Court ruled that it will allow partition to proceed that [appellant] sought leave to amend to question the

---

4. The legal file and supplemental legal files that are part of the record on appeal do not include copies of pleadings that identify how the jurisdictional issue with respect to proceeding on a partition claim by a remainderman arose. However, the supplemental legal file submitted by respondents includes a copy of a memorandum that addressed that question. The memorandum was apparently submitted to the trial court. The trial court's docket sheets reflect an entry dated either "03/10/97" or "04/10/97" (the binding of the legal file obscures the month portion of the date of the docket entry) that acknowledges appearances by the attorneys of record and states, "Taken under advisement as to jurisdiction of court to grant relief herein requested." The entry allowed the parties 10 days in which to file "suggestions" and stated that plaintiff would have "20 days to amend" if the trial court found it had jurisdiction to proceed. An entry dated "04–16–97" reflects filing of a first amended petition, motion to file first amended answer, plaintiff's first amended answer to defendant's counterclaim, motion for ruling from chambers and plaintiff's memorandum in support of finding of jurisdiction. The motion by defendant (the appellant before this court) for leave to file a first amended counterclaim, the denial of which is the subject of this appeal, was filed May 27, 1997.

validity of the instrument which purported to create the situation which now exists, and the apparent right to partition. In addition, the [respondents'] original Petition was interpreted by Appellant (and by the trial Court) as only seeking partition of 12 acres. This resulted in the filing of an amended Petition which clearly seeks partition of the entire 105 acres, more or less, in issue. Therefore, for both of these reasons, Appellant's failure to initially seek to set aside the Potter to Choate deed is not only excusable, but understandable. Frankly, the Appellant was not unaware of the challenge of mounting an attack on the Potter to Choate deed, an understanding that is now reflected by the trial Court's ruling, and the existence of this appeal. The costs of asserting her equitable claim could not be justified over 12 acres, more or less, of Dallas County farmland. The facts are quite different, however, when the topic is all 105 acres. [References to legal file omitted.]

Appellant suggests, for the reasons stated in her brief that are quoted above, her failure to include an action to set aside the April 10, 1995, warranty deed as a counterclaim in her initial pleading was understandable and prudent. This court finds that argument plausible.

### Possible Injustice To Nonmoving Party

Appellant suggests that if she were permitted to file the amended counterclaim she tendered to the trial court, injustice to respondents "would be minimal if not nonexistent." She asserts that respondent Larry Choate would be subjected to the requirement of answering and defending allegations of undue influence in obtaining conveyance of the real estate by means of the April 10, 1995, warranty deed. Appellant states, "This compares with the probably [sic] loss to Appellant, if undue influence was exerted, of a half interest in 105 acres and related improvements." Appellant contends, if given the opportunity, she would establish that respondent Larry Choate exercised undue influence over respondent Cyrus E. Potter in procuring the 1995 conveyance.

### Determination Of Appeal

This court finds appellant's argument on appeal persuasive. The trial court's denial of appellant's request to amend her answer to assert a counterclaim to set aside the April 10, 1995, warranty deed could result in a subversion of justice. Under the circumstances of this case, the trial court's denial of appellant's request was a palpable and obvious abuse of discretion. The judgment denying that request is reversed. The case is remanded with directions that the trial court grant appellant's motion requesting leave to file her first amended answer and counterclaim.

PREWITT, P.J., and CROW, J., concur.