Linda Kay TAYLOR, Respondent,

v.

RICHLAND MOTORS and John M. Hawkins, Appellants,

and

Hillcrest Bank, Defendant.

Nos. WD 64012, WD 64013.

Missouri Court of Appeals, Western District.

March 22, 2005.

John Dorsey, Claycomo, for Appellant.

Lawrence Gerard Rebman, Kansas City, for Respondent.

PAUL M. SPINDEN, Presiding Judge.

In this dispute over Linda Kay Taylor's purchase of a car from Richland Motors, the circuit court entered summary judgment against Richland Motors and John M. Hawkins, a notary public, after they did not file an answer to Taylor's petition or respond to her requests for admissions. Because the facts deemed admitted do not make a submissible case and because parties are disputing material issues of fact, the circuit court erred in granting summary judgment. We, therefore, reverse the circuit court's judgment and remand for further proceedings.

Before Taylor could complete the purchase of a car from Richland Motors, she was hospitalized for injuries suffered in an automobile collision. One of Richland Motors' salesmen went to her hospital room and persuaded her to sign a promissory note and a deed of trust on her house to ensure the note. The salesman took the note to Taylor's daughter, for whom Taylor was purchasing the car, and had her sign the note, too. The salesman then presented the note to Hawkins who attested that Taylor and her daughter had appeared before him and had voluntarily signed the note. Hillcrest Bank accepted

the deed of trust. A month later, Taylor and her daughter signed other loan papers at Richland Motors. These papers apparently have been lost and are not part of the record.

Taylor declared bankruptcy almost a year later. She relinquished her car to Hillcrest Bank to satisfy her promissory note. Taylor sold her house and learned at closing that the car's purchase price had been deducted from the sale proceeds to satisfy Hillcrest Bank's lien even though Taylor had already relinquished the car to the bank.

In 2003, Taylor sued Hillcrest Bank, Richland Motors, and Hawkins. Hillcrest Bank settled with Taylor. Richland Motors and Hawkins did not respond to Taylor's lawsuit.

Taylor moved for summary judgment after Richland Motors and Hawkins did not respond to her requests for admissions. On the day of trial, Richland Motors and Hawkins asked the circuit court for leave to file an answer and to respond to Taylor's requests for admissions. The circuit court denied the defendants' motions and granted summary judgment for Taylor. The circuit court ruled that Taylor was entitled to "$11,649.57 as damages, $129.02 in costs and expenses and $8,815.00 in Attorneys' fees from the defendants." Richland Motors and Hawkins appeal.

■ Among their allegations on appeal is that the circuit court did not have jurisdiction because Taylor's petition did not aver a valid cause of action against them. Section 517.031.1, RSMo 2000, governs what is required of a petition filed in the associate division of circuit court. This is because the Supreme Court, pursuant to authority granted to it in Mo. CONST. art. V, Section 5 (1945), declared in Rule 41.01(d), "Civil actions pending in the associate circuit division shall be governed by Rules 41 through 101 except where otherwise provided by law." Section 517.031.1 says, "The plaintiff shall file a written petition containing the facts upon which the claim is founded.... The pleadings of the petition shall be informal unless the court in its discretion requires formal pleadings."

The circuit court did not require formal pleadings in this case. In her petition, Taylor asserted:

... On December 1, 1994, while [Taylor] was still in the hospital under the influence of pain medication, morphine, Demerol and vicodin, a salesman from Richland Motors came without warning into [Taylor's] hospital room bringing with him a deed of trust and a promissory note and encouraged [Taylor] to sign same against her home as collateral for a car ... he was trying to sell to [Taylor's] sixteen year old daughter, Melissa Lynn Purvis....

... Said salesman from Richland Motors then went to [Taylor's] house and presented the promissory note to [Plaintiff's] sixteen year old daughter for her signature, stating he would bring the car to her immediately after she signed the document and pointed out that her mother had "okayed" the transaction with her signature. Whereupon, [Taylor's] minor daughter signed the promissory note. ...

... On December 1, 1994, the salesman from Richland Motors presented said deed of trust and promissory note to Defendant, John M. Hawkins, a Notary for Platte County, Missouri[,] who falsely attested to the fact that [Taylor] presented herself to him on December 1, 1994, and signed said deed of trust of her free will. ...

... Defendant John M. Hawkins further broke his Notarial oath by writing in the date of the Notarization on said

deed of trust as December 8, 1994, a date 7 days after the date of the deed of trust and the date of the Notary block he attested to. . . .

Taylor prayed for the circuit court to "adjudge and decree that the deed of trust between the parties was maliciously and fraudulently gotten[.]"

■ In determining whether or not a petition states a claim for which relief can be granted, courts must interpret the petition's allegations liberally by according to them every reasonable inference. *Grewell v. State Farm Mutual Automobile Insurance Company, Inc.*, 102 S.W.3d 33, 36 (Mo. banc 2003). To state a cause of action, a petition must aver substantive principles of law that entitle the plaintiff to relief, and it must aver ultimate facts sufficient to inform the defendant of the underlying events that the plaintiff contends gave rise to the cause of action. *Ritterbusch v. Holt*, 789 S.W.2d 491, 493 (Mo. banc 1990). An informal petition is sufficient if it advises the defendant of the nature of the action and "suffices to bar another action thereon by plaintiff." *Pemiscot County Memorial Hospital v. Bell*, 770 S.W.2d 499, 502 (Mo.App.1989) (quoting *Kershner v. Hilt Truck Line, Inc.*, 637 S.W.2d 769, 771 (Mo.App.1982)).

■ Taylor's petition stated a cause of action for fraud against Richland Motors. It sufficiently advised Richland Motors that Taylor was suing it for fraud. Taylor, however, did not state a cause of action for fraud against Hawkins.

■ The elements of fraud are: (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity, or his ignorance of its truth, (5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated, (6) the hearer's ignorance of the falsity of the representation, (7) the hearer's reliance on the representation being true,

(8) his right to rely thereon, and (9) the hearer's consequent and proximately caused injury.

*Rhodes Engineering Company, Inc. v. Public Water Supply District Number 1 of Holt County*, 128 S.W.3d 550, 567 (Mo. App.2004). Taylor did not allege that she relied on Hawkins' false attestations. She does allege that Hillcrest Bank "examined said deed of trust and accepted it with the illegal signature and notarization." But she has no cause of action against Hawkins based on Hillcrest Bank's reliance on Hawkins' false statement. Hence, Taylor's claim that the deed of trust was "maliciously and fraudulently gotten" did not state a claim for fraud against Hawkins.

■ But Taylor also prayed that the circuit court "adjudge and decree that [she] was wronged by the Defendants." Conceivably, the circuit court could have concluded that Taylor was asserting a civil conspiracy claim against Richland Motors and Hawkins.

■■ A claim for civil conspiracy must establish that two or more persons, with an unlawful objective, committed at least one act in furtherance of a conspiracy after a meeting of the minds and thereby damaged plaintiff. *Rice v. Hodapp*, 919 S.W.2d 240, 245 (Mo. banc 1996). "Conspiracy is not itself actionable in the absence of an underlying wrongful act or tort." *Williams v. Mercantile Bank of St. Louis NA*, 845 S.W.2d 78, 85 (Mo.App. 1993). Taylor's conspiracy claim appears to rest on Richland Motors' fraud and Hawkins' breach of his official duties as a notary public. Taking Taylor's allegations as true, Richland Motors conceivably committed fraud, and Hawkins falsely attested to several things. Applying the more lenient pleading standards of associate circuit court, we infer that these wrongful acts were part of an overall plan or agreement to trick Taylor into unwittingly executing a deed of trust on her house.

Taylor's petition, therefore, stated causes of action for fraud against Richland Motors and civil conspiracy against Richland Motors and Hawkins. Thus, we proceed to review the circuit court's decision to grant Taylor's motion for summary judgment.

In reviewing summary judgment, we view the evidence in a light most favorable to Richland Motors and Hawkins, affording them the benefit of all reasonable inferences. *ITT Commercial Finance Corporation v. Mid–America Marine Supply Corporation*, 854 S.W.2d 371, 376, 382 (Mo. banc 1993). Summary judgment requires that the parties not be disputing any issue of material fact and that the party seeking summary judgment be entitled to judgment as a matter of law. Rule 74.04(c)(6); *ITT Commercial Finance*, 854 S.W.2d at 377.

"The key to summary judgment is the undisputed right to judgment as a matter of law; not simply the absence of a fact question." *ITT Commercial Finance*, 854 S.W.2d at 380. Because summary judgment is "an extreme and drastic remedy," we exercise great caution in affirming it because the procedure cuts off the opposing party's day in court. *Id.* at 377. We must "sustain the trial court's award of summary judgment if the judgment can be sustained under any theory" supported by the summary judgment record. *Rodgers v. Czamanske*, 862 S.W.2d 453, 458 (Mo.App.1993) (citing *Zafft v. Eli Lilly & Company*, 676 S.W.2d 241, 243 (Mo. banc 1984)).

The circuit court erred in granting summary judgment. Although Rule 59.01(a) permitted the circuit court to deem Richland Motors and Hawkins to have admitted the matters submitted in Taylor's requests for admissions, those facts, viewed in a light most favorable to Richland Motors and Hawkins as the non-moving parties, did not make submissible cases against them. Neither admitted facts establishing that they conspired with one another or agreed to work toward an unlawful objective. Richland Motors did not admit that it knowingly made a false, material representation to Taylor or that it concealed material information from Taylor in breach of its duty to disclose it to her. One who does not disclose a fact that he knows may justifiably induce another to act in a business transaction is obligated to disclose the fact only if he is under a duty to do so. Taylor does not assert facts in this case that gave rise to such a duty. Nor did Richland Motors admit that it intended for Taylor to rely, or that she had a right to rely or that she did rely, on any statement made by it.

Taylor's petition did allege facts that were not included in her requests for admissions, but, even though Richland Motors and Hawkins did not answer Taylor's petition, the circuit court erred if it deemed them to have admitted these allegations. No answer is required of a defendant in a petition filed in the associate division of circuit court, and, if an answer is not filed, the circuit court is to deem the petition's averments to be denied. Section 517.031.2, RSMo 2000.

The facts established by Taylor's requests for admissions, therefore, did not establish liability. Genuine issues of material fact remain on Taylor's claims of fraud against Richland Motors and for civil conspiracy against Richland Motors and Hawkins. We, therefore, set aside the circuit court's summary judgment and remand for further proceedings on Taylor's claims.

Before remanding, however, we consider Richland Motors' and Hawkins' contention that the circuit court abused its discretion by refusing to allow them leave to file answer to Taylor's petition. We disagree.

Although Section 517.031.2 relieves a defendant of an obligation to file an answer to a petition filed in the associate division of circuit court, defendants must file a response if they want to assert an affirmative defense. Richland Motors and Hawkins wanted to assert an affirmative defense, the running of the statute of limitations.

Section 517.031.3 provides that the circuit court "may extend the time for filing any pleading" for good cause. Richland Motors and Hawkins did not argue that their inaction was the result of excusable neglect, and we do not discern excusable neglect from the record. Taylor filed her petition on April 3, 2003. Authorities served Richland Motors on April 28 and Hawkins on August 12. Each had thirty days from the date of service to answer and to assert affirmative defenses. Rule 55.25(a). Neither filed a responsive pleading. Richland Motors' and Hawkins' motion did not argue or demonstrate that their not filing was excusable. They argued only that they wanted to assert a defense and that filing an untimely answer would not prejudice Taylor. On appeal, they still do not explain why their conduct constituted excusable neglect.

They cite *Neenan Company v. Cox*, 955 S.W.2d 595 (Mo.App.1997) and *Clark v. Booth*, 660 S.W.2d 316 (Mo.App.1983), but these cases involved parties seeking leave to *amend* a pleading—not file one for the first time. The circuit court did not abuse its discretion in refusing Richland Motors' and Hawkins' request to file an answer out of time.

VICTOR C. HOWARD, Judge, and THOMAS H. NEWTON, Judge, concur.