Rose Mary HAGEN, Appellant,

v.

McDONALD'S CORPORATION, Respondent.

No. WD 67596.

Missouri Court of Appeals, Western District.

Sept. 4, 2007.

Albert W.L. Moore, Jr., Independence, MO, for Appellant.

Richard W. Morefield, Jr., Kansas City, MO, for Respondent.

Before HOWARD, C.J., and BRECKENRIDGE and ELLIS, JJ.

VICTOR C. HOWARD, Chief Judge.

Plaintiff Rose Mary Hagen filed a lawsuit against McDonald's Corporation (McDonald's) seeking damages for injuries caused by a fall in a McDonald's parking lot. McDonald's sought dismissal from the suit claiming that it was not the proper defendant. The trial court agreed with McDonald's and Hagen now appeals. She claims that dismissal was inappropriate because she submitted evidence sufficient to demonstrate that McDonald's could be held liable under a theory of premises liability and McDonald's did not rebut this claim with sufficient uncontroverted factual allegations.

## Facts and Background

We view the record in the light most favorable to the nonmovant, here, Hagen. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 382 (Mo. banc 1993). She is also afforded the benefit of all reasonable inferences drawn from the evidence. *Id.*

After parking her car on a McDonald's restaurant lot, Hagen began walking toward the restaurant when she tripped on a piece of uneven pavement in a traffic lane. She alleged that the defect was painted with a yellow crosshatch, which obscured its visibility. Employees of the restaurant rendered no direct aid but summoned an emergency medical response service. The fall and subsequent actions of the emergency medical response personnel caused substantial physical injury. McDonald's admits that it owns the real property on which the accident occurred but not the franchised McDonald's restaurant business in question.[1]

Hagen brought the current action against McDonald's, the emergency medical service, and the employee of the emergency medical service who allegedly further injured her. The owner and operator of the restaurant franchise on the property in question, P.B.I. Industries, Inc., is not a party to the current suit.

In her petition Hagen alleged the injury occurred while she "was a business invitee on the property owned and operated by McDonald's." McDonald's denied this allegation. In its Statement of Uncontroverted Facts, citing the affidavit of their legal counsel, it stated, "McDonald's Corporation does not own, or operate the restaurant business, nor does it control the day to day activities necessary to carry on the business operations of the restaurant that is the subject of this lawsuit." McDonald's did not furnish the franchise agreement under which the franchisee operated after an informal request was made. The trial court granted McDonald's

---

1. In its brief McDonald's stated, "[f]or purposes of this appeal, the Court may assume that McDonald's Corporation owned the property on which the restaurant operated at the time of Ms. Hagen's injury, even though the deed plaintiff relies upon is not properly before the Court."

motion for dismissal and dismissed McDonald's from the lawsuit. Hagen then voluntarily dismissed the action against the other defendants and the judgment became final.

## Standard of Review

■ Where "matters outside the pleadings are presented to and not excluded by the court, the motion [to dismiss] shall be treated as one for summary judgment." Rule 55.27(b).[2] In the current scenario, several affidavits were submitted to the court and we thus review the granted motion to dismiss as a motion for summary judgment. Review of an issuance of summary judgment is *de novo*. *ITT Commercial Fin.*, 854 S.W.2d at 387–88.

## Analysis

■ Franchisor liability can arise under several different theories yet no special theory of franchisor liability exists in Missouri. *J.M. v. Shell Oil Co.*, 922 S.W.2d 759, 765 (Mo. banc 1996). "[T]he general rules of agency and tort provide adequate guidance for vicarious liability." *Id.* The current appeal concerns only two possible theories of franchisor liability: liability under respondeat superior and premises liability. Analysis of the premises liability claim is sufficient to determine if the error alleged is sufficient to remand.

"Our initial focus is not upon what plaintiff failed to do in response to defendant's summary judgment motion, but rather upon the sufficiency of the supporting evidence defendant filed to sustain his burden of establishing the absence of any genuine issue of material fact." *Frazier v. Riggle*,

844 S.W.2d 71, 73 (Mo.App. E.D.1992). McDonald's left at least one material issue of fact unchallenged: the degree of control it retained over the real property as it pertains to a theory of premises liability. McDonald's was not, therefore, entitled to summary judgment.

■ Lessors may be held liable for injuries arising on leased property if they retain control over that property. "The duty to use reasonable and ordinary care to prevent injury to an invitee is ordinarily imposed on the premises' owner." *Lahr v. Lamar R–1 Sch. Dist.*, 951 S.W.2d 754, 756 (Mo.App. S.D.1997). A lessor of property may "be liable for injuries to a tenant or a tenant's invitees resulting from defects in the premises which existed when the tenant took possession of the property, if the tenant or invitees can establish that the landlord maintained control over the premises." *Richeson v. Sprinco, Inc.*, 931 S.W.2d 507, 509 (Mo.App. W.D.1996).[3] "A landowner, however, is often relieved of its duty to protect an invitee where such owner has relinquished possession and control of the premises to another and the premises are not in an unsafe condition at the time of the surrender." *Lahr*, 951 S.W.2d at 756.

In order to be dismissed from the suit, McDonald's was required to assert that it lacked control of the premises where the accident occurred, not merely that it lacked control over the "restaurant business" or "business operations." *See Richeson*, 931 S.W.2d at 509. The affidavit of David Bartlett, McDonald's Senior Counsel, states that McDonald's Corpora-

---

**2.** All citations to rules refer to the Missouri Supreme Court Rules (2007).

**3.** *See also Lemm v. Gould*, 425 S.W.2d 190, 194 (Mo.1968) (stating, " 'a landlord is under a duty to exercise ordinary care to keep the portions of the premises which he retains in

his control is a reasonably safe condition for the use intended and is liable for damages for personal injuries resulting from his failure to perform that duty.' ") (quoting *Peterson v. Brune*, 273 S.W.2d 278, 280 (Mo.1954)).

tion does not "own" or "operate" the "McDonald's restaurant located at 1401 South Noland Road, Independence Missouri." The affidavit also stated that McDonald's does not "control" or have the right to "control the day-to-day activities necessary to carrying on the *business operations* of the restaurant." (Emphasis added.) By now substituting the word "premises" or "property" with the word "business operations," McDonald's argues that it "demonstrated by affidavit that it did not have possession and control of the *premises,* which is necessary for it to be subject to liability on a premises liability theory." (Emphasis added.) McDonald's concludes that its affidavit spoke to control of the premises where, in fact, it only spoke to control of the business operations.

These statements fall short of a movant's burden for summary judgment. McDonald's makes no claim pertaining to the control over the condition of the real property. General "control" and management of "business operations" or a "restaurant business" does not necessarily entail sole responsibility for the safe condition of an exterior walk. *See generally Richeson,* 931 S.W.2d at 509. McDonald's very well may have retained complete control over the maintenance of the exterior of the restaurant and still not "owned" or "operated" the restaurant business or "control[ed]" the day-to-day activities necessary to carrying on the business operations of the restaurant."

In circumstances such as these, we are reminded that "summary judgment is 'an extreme and drastic remedy.'" *Taylor v. Richland Motors,* 159 S.W.3d 492, 497 (Mo.App. W.D.2005) (citation omitted). McDonald's has not demonstrated that it was entitled to the relief requested as a matter of law. Dismissal of McDonald's was, therefore, inappropriate.

**Conclusion**

The judgment of the trial court is reversed and the matter is remanded for further proceedings consistent with this opinion.

BRECKENRIDGE and ELLIS, JJ., concur.