**Larry VICKERS, et al.,**
**Plaintiffs/Appellants,**

v.

**PROGRESSIVE CASUALTY INS.**
**CO., Defendant/Respondent.**

No. 73885.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 18, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 6, 1998.

James E. Lownsdale, Bradenburg & Lownsdale, Clayton, for Plaintiffs/Appellants.

Robert L. Nussbaumer, Robert L. Nussbaumer & Associates, St. Louis, for Defendant/Respondent.

SIMON, Judge.

Plaintiffs, Larry Vickers (Larry), his daughters Ashley, Brittany, and Nicole, and his wife Donna, (collectively plaintiffs) appeal from the trial court's dismissal of their claim for negligent misrepresentation in Count VII of their First Amended Petition, and its refusal to allow them to add Count VI(a) to allege breach of contract, and to amend Count VIII to state a claim for common law fraud, in an action for damages against Progressive Casualty Insurance Co. (Progressive).

Plaintiffs contend on appeal that the trial court erred in: (1) dismissing Count VII for negligent misrepresentation on the basis that Progressive owed plaintiffs no duty; (2) denying plaintiffs' request for leave to add Count VI(a) for breach of contract; and (3) abusing its discretion in denying plaintiffs' request for leave to amend Count VIII of its petition to allege common law fraud. We affirm in part and reverse and remand in part.

In reviewing the circuit court's dismissal of a petition, this court determines if the facts pleaded and the inferences reasonably drawn therefrom state any ground for relief. We treat the facts averred to as true and construe the averments liberally and favorably to the plaintiff. *Kanagawa v. State By and Through Freeman,* 685 S.W.2d 831, 834 (Mo. banc 1985). A petition is not to be dismissed for failure to state a claim if any set of facts is asserted which, if proved, would entitle the plaintiff to relief. *Madden v. C & K Barbecue Carryout, Inc.,* 758 S.W.2d 59, 61 (Mo. banc 1988).

The record reveals that on or about May 27, 1995, Larry and his daughters Ashley, Nicole, and Brittany were traveling on Grand Avenue in St. Louis in a vehicle operated by Larry, when the vehicle operated by Theresa Shockley (Shockley), who is not a party to this appeal, entered Larry's lane, causing a collision and injuries to Larry and his daughters. Shockley was negligent in failing to yield the right of way and in failing to keep a careful lookout. As a direct and proximate result of Shockley's negligence, Larry and his daughters each suffered injuries to their necks and backs, with straining, spraining, tearing and wrenching of the soft tissues, medical expenses of approximately $2000 each for their reasonable and necessary care, and pain, suffering and emotional distress. Further, Donna alleged loss of consortium of her husband Larry, as a direct and proximate result of the negligence of Shockley. After the collision, plaintiffs were contacted by an agent of Progressive, Rob Purves (Purves) during which visit Purves provided plaintiffs with a pamphlet and made verbal statements, which together represented to plaintiffs that Progressive would be settling their claim, paying their medical bills, that it would be unnecessary to hire an attorney and that Progressive was assuring, guaranteeing, that Progressive would act as an insurer, guarantor, and indemnitor for any liabilities of its insured, Shockley. Subsequently, Progressive informed plaintiffs that it carries Lender's Collateral Protection, not liability insurance, and that plaintiffs should contact Shockley directly.

Thereafter, plaintiffs filed, probably in May 1996, a six count petition in the circuit court of the City of St. Louis. The first five counts were against Shockley, whom plaintiffs later voluntarily dismissed from the action. In Count VI, plaintiffs alleged that: Progressive visited plaintiffs and made and continuously ratified the representations discussed above; that such representations were of material fact; the representations were made fraudulently and for the purpose of inducing plaintiffs to rely upon them; that Progressive had reason to believe plaintiffs would rely on those representations; and as a direct and proximate result of the representations, plaintiffs incurred the medical bills mentioned above. Progressive filed a motion to dismiss Count VI for failure to state a claim on June 6, 1996.

On July 26, 1996, plaintiffs filed an amendment by interlineation, deleting the previous Count VI and replacing it with the amendment, which alleged that plaintiffs were visited by an agent and servant of Progressive, during which visit, the agent promised that Progressive would settle their claims, once completed, pay their medical bills, once incurred, and that it would be unnecessary to hire an attorney, as plaintiffs claims could be

handled simply and more efficiently between plaintiffs and Progressive. On June 9, 1995, plaintiffs contacted Progressive and on June 30, 1995 were informed by Progressive that it carried only Lender's Collateral Protection, rather than liability insurance. Progressive's promises were made, continuously ratified, and never denied, withdrawn, or explained, with the intent that plaintiffs rely upon them. Further, plaintiffs alleged that they did rely on said promises to their detriment and demanded payment of their medical bills and other damages, which Progressive refused to pay. Also, they alleged that as a direct result of Progressive's breach of its promises, plaintiffs incurred medical expenses in the sum of approximately $7500, pain, suffering, and severe emotional distress. In addition to damages, plaintiffs sought interest and attorney's fees. Defendants moved to dismiss plaintiffs' amendment by interlineation of Count VI on July 29, 1996. The motion was denied on October 17, 1996.

Plaintiffs thereafter moved to file their First Amended Petition, which was granted by the trial court. In their First Amended Petition, plaintiffs added Counts VII and VIII. Count VI alleged essentially the same allegations as the previous amended petition, but also alleged that Purves presented them with a pamphlet, which was attached as Exhibit A, and that their reliance on Progressive's promises were justifiable. Further, they alleged that these representations were made in such conscious disregard as to justify punitive damages in the sum of $500,000.

In Count VII, plaintiffs alleged that Progressive was negligent in failing to properly investigate its coverage before representing to plaintiffs that it would cover their losses. Further, defendant misrepresented that it would cover plaintiffs' losses when it knew or should have known that it would be denying coverage. As a direct result of the negligence, plaintiffs incurred medical expenses, pain, suffering, and severe emotional distress. The acts were in such conscious disregard for plaintiffs' rights to justify punitive damages.

In Count VIII, plaintiffs alleged that the brochure presented to them by Progressive was misleading, deceptive, and/or untrue and misrepresented the coverage applicable to plaintiffs. Further, they alleged that Progressive violated Sections 375.936(4) and 375.936(10) RSMo.1994 (all further references herein shall be to RSMo.1994 unless otherwise noted), which were enacted for the purpose of protecting persons similarly situated to plaintiffs. As a direct and proximate result of the above negligence, plaintiffs incurred medical bills and said actions were such as to justify punitive damages.

Subsequently, Progressive moved to dismiss Counts VI, VII, and VIII of plaintiffs' First Amended Petition on February 7, 1997. Later, on November 6, 1997, Progressive again moved to dismiss for failure to state a claim, or in the alternative for summary judgment on Count VI of plaintiffs' First Amended Petition, and in separate motions, to dismiss for failure to state a claim Counts VII and VIII. Plaintiffs filed responses to these motions. On November 13, 1997, plaintiffs requested leave to amend Count VIII and on November 20, plaintiffs requested to add Count VI(a). The trial court heard Progressive's motion to dismiss or for summary judgment as to Count VI and to dismiss Counts VII and VIII, and plaintiffs' requests for leave to add Count VI(a) and amend Count VIII. The trial court granted Progressive's motion for summary judgment on Count VI, dismissed Counts VII and VIII and refused to allow plaintiffs to add Count VI(a) and amend Count VIII. In his Order and Partial Judgment, the trial judge found that as to Count VII, negligent misrepresentation, plaintiffs failed to plead facts establishing a relationship giving rise to a duty. Plaintiffs appeal only the dismissal of Count VII and the denial of leave to add Count VI(a) and to amend Count VIII.

In their first point, plaintiffs contend that the trial court erred in dismissing Count VII of its First Amended Petition for negligent misrepresentation on the basis that Progressive owed plaintiffs no duty. Negligent misrepresentation as an actionable tort has been recognized in Missouri. *Baublit v. Barr & Riddle Engineering Co., Inc.*, 768 S.W.2d 233, 235 (Mo.App.1989). To establish negligent liability for the act of another, a plaintiff must show: (1) the existence of a

duty on the part of the defendant to protect the plaintiff from injury; (2) failure of the defendant to perform that duty, and (3) injury to the plaintiff resulting from such failure. *Westerhold v. Carroll,* 419 S.W.2d 73, 81 (Mo.1967). The determination of whether in a specific case the defendant will be held liable to a third person not in privity is a matter of policy and involves the balancing of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to defendant's conduct, and the policy of preventing future harm. *Id.* Each and every one of the above elements are not absolutely necessary to authorize an action to be maintained. *Id.*

■ Further, to survive a motion to dismiss for failure to state a claim for negligent misrepresentation, plaintiffs must plead facts which establish that: (1) speaker supplied information in the course of his business or because of some other pecuniary interest; (2) due to speaker's failure to exercise reasonable care or competence in obtaining or communicating this information, the information was false; (3) speaker intentionally provided the information for the guidance of a limited group of persons in a particular business transaction; (4) listener justifiably relied on the information and (5) that as a result of listener's reliance on the statement, he/she suffered a pecuniary loss. *Colgan v. Washington Realty Co.,* 879 S.W.2d 686, 689 (Mo. App.1994).

The facts alleged by plaintiffs, together with the inferences reasonably drawn therefrom, are sufficient to state a claim for negligent misrepresentation and may be stated as follows: Purves, in the course of his employment as an agent for Progressive, which is in the business of providing insurance and handling claims, represented personally to plaintiffs, as a limited group of persons, that Progressive would be settling their claims; Purves failed to exercise reasonable care or competence in obtaining or communicating the information and as a result the informa-

tion presented was false; plaintiffs justifiably relied on this information and Progressive could foresee that they would rely and intended that they do so; and plaintiffs suffered injury as the direct and proximate result of this false information.

Further, plaintiffs have alleged facts which, with the inferences reasonably drawn therefrom, establish the general elements of negligence: duty, breach of duty, and injury as a result of the breach. A duty is established here using the factors in *Westerhold,* 419 S.W.2d at 81. Plaintiffs' allegations and the inferences reasonably drawn therefrom establish that the transaction was intended to affect them, in that the representations were personally made to them, rather than to the general public. Progressive had reason to expect that Plaintiffs would rely upon those representations to their detriment; thus, their reliance was foreseeable. Plaintiffs sustained damages which were the direct and proximate result of those representations. Finally, there are public policy reasons for holding that an insurer has a duty to use reasonable care in making representations to claimants because those claimants are vulnerable and often will rely on an insurer who is acting in the general course of its business and expertise, and will refrain from taking or fail to take certain actions which might be beneficial, such as preserving evidence and/or retaining an attorney. Further, treating the remainder of plaintiffs' allegations as true and giving them the benefit of all reasonable inferences, their petition establishes all of the necessary elements of negligent misrepresentation. Therefore, the trial court erred in dismissing Count VII.

■ We consider plaintiffs' second and third points concurrently, as they raise many of the same issues. In their second point, plaintiffs contend that the trial court erred in denying their request to add Count VI(a) for breach of contract to its First Amended Petition, on the basis that no evidence of a contract exists. In their third point, plaintiffs contend that the trial court abused its discretion in denying them leave to amend Count VIII to state a claim for common law fraud, on the basis that common law fraud is displaced by Section 375.930, the Unfair

Trade Practices Act, which does not provide for a private cause of action.

The amendment of pleadings is governed by Rule 55.33(a) which provides in pertinent part:

A pleading may be amended once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the pleading may be amended at any time within thirty days after it is served. Otherwise, the pleading may be amended only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires ...

A party does not, however, have an absolute right to amend his pleading. *Rhodus v. Wheeler*, 927 S.W.2d 433, 436 (Mo.App. 1996). The denial of an amendment is presumed correct and the burden is on the proponent to show that the trial court clearly and palpably abused its discretion. *Id.* "Judicial discretion is abused when a ruling is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Id.*

Here, the motions to amend Count VIII and add Count VI(a) were filed more than a year after the initial petition, which plaintiffs had amended at least twice. Further, the proposed amendments did not present any new facts or circumstances that could not have been raised earlier. We do not find the denials of the trial court to be so arbitrary as to shock our sense of justice, nor any indication that the trial judge did not carefully consider the motions. Points denied.

Due to the trial court's error as to Count VII, we reverse and remand the judgment as to that count. The judgment is affirmed in all other respects.

JUDGMENT REVERSED AND REMANDED IN PART AND AFFIRMED IN PART.

RHODES RUSSELL, P.J., and HOFF, J., concur.