Jeffrey J. GRISAMORE, Appellant,

v.

STATE FARM MUTUAL AUTOMO-
BILE INSURANCE COMPANY and
Randall Sisk, Respondents.

No. WD 70988.

Missouri Court of Appeals,
Western District.

Jan. 12, 2010.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 2, 2010.

Application for Transfer Denied
April 20, 2010.

Richard L. Rollings, Jr., Camdenton, MO, Mark E. Parrish, Lee's Summit, MO, for Appellant.

James L. Sanders, Kansas City, MO, Alex B. Judd, Overland Park, KS, for Respondent, State Farm.

Dale L. Beckerman, Kansas City, MO, Tanya M. Wendt, Kansas City, MO, for Respondent, Sisk.

Before JAMES EDWARD WELSH, P.J., MARK D. PFEIFFER, and KAREN KING MITCHELL, JJ.

JAMES EDWARD WELSH, Judge.

Jeffrey J. Grisamore appeals the circuit court's grant of summary judgment in favor of State Farm Mutual Automobile Insurance Company and State Farm's claim representative, Randall Sisk, and the dismissal of his claims for negligent misrepresentation and fraudulent misrepresentation against State Farm and Sisk. Grisamore contends that the circuit court erred in dismissing his claims against State Farm and Sisk because the uncontroverted facts in the motion for summary judgment did not establish that State Farm and Sisk were entitled to judgment as a matter of law. Grisamore also asserts that the circuit court erred in dismissing his claims against Sisk because Sisk did not file a motion for summary judgment and comply with the requirements of Rule 74.04. We reverse and remand.

Grisamore was allegedly injured on June 27, 2003, when his vehicle was struck from the rear by a vehicle driven by Edwin H. Crom. Crom was insured under a policy of automobile liability insurance issued by State Farm. State Farm assigned its employee Randall Sisk as claim representative to investigate Grisamore's claims against Crom. During this investigation, Sisk communicated with Grisamore regarding Grisamore's alleged accident and injuries.

On June 26, 2008, Grisamore filed his petition for damages against Crom, State Farm, and Sisk. Counts one and three of the petition asserted claims for negligent misrepresentation against State Farm and Sisk, respectively. Counts two and four asserted claims for fraudulent misrepresentation against State Farm and Sisk, respectively. Count five asserted a claim

for negligence against Crom. State Farm filed its answer on July 29, 2008, and Sisk filed a separate answer on September 29, 2008.

On September 15, 2008, State Farm filed a motion for summary judgment and suggestions in support. The statement of uncontroverted material facts in the motion included four undisputed facts:

1. Plaintiff Jeffrey J. Grisamore filed his Petition for Damages on or about June 26, 2008.

2. Count V of Plaintiff's Petition alleges negligence against Defendant Crom following an alleged motor vehicle accident on or about June 27, 2003, involving Plaintiff and Defendant Crom.

3. At the time of the aforementioned motor vehicle accident, Defendant Crom had paid a premium and possessed a policy of automobile insurance issued by State Farm and that policy provided potential liability coverages for bodily injury and property damage according to the terms, conditions, and requirements of said policy.

4. As an employee of State Farm, Randall Sisk was assigned as claim representative for the investigation of Plaintiff's insurance claim against Defendant Crom, a State Farm insured, and Mr. Sisk communicated with Plaintiff during this investigation.

In its motion State Farm argued:

While State Farm disputes the allegations made in Plaintiff's Petition, there is no need to address the merits of those allegations as they do not state a cause of action under which Plaintiff may proceed against State Farm. Rather, Plaintiff is improperly attempting to pursue a direct action against a liability insurer (State Farm) and liability insurer claim representative (State Farm employee Randall Sisk) of Edwin H. Crom and no such claim or cause of action is legally

recognized or allowed. Further, State Farm states it and its claim representative Randall Sisk have only an adversarial relationship with Plaintiff; therefore, they have no contractual obligation, duties, and/or responsibility beyond those imposed by law, and that any such duty or obligations to Plaintiff are governed according to the Unfair Trade Practices Act, § 375.930, which preempts any claims being made or attempted by Plaintiff, and does not provide any type of private right or cause of action. Therefore, there is no genuine issue as to any material fact and State Farm and State Farm claim representative Randall Sisk are entitled to judgment as a matter of law on these issues.

Despite being filed by State Farm only, the motion sought summary judgment on behalf of both State Farm and Sisk.

On November 6, 2008, the circuit court granted State Farm's motion for summary judgment and ordered State Farm dismissed without prejudice. On December 22, 2008, Sisk filed a motion to clarify and noted that State Farm's motion for summary judgment moved for summary judgment for both State Farm and Sisk. Sisk noted that, because he is being sued in his capacity as an employee of State Farm, the facts and arguments necessary to grant summary judgment for him are essentially the same as those for State Farm. Sisk requested that the circuit court clarify its order granting summary judgment to State Farm "so that he may know if the Court's Order also dismisses him or if he needs to file an appropriate motion for summary judgment." On March 5, 2009, the circuit court entered an "Amended Partial Judgment of Dismissal without Prejudice of Counts I, II, III, and IV," which dismissed counts one through four of Grisamore's petition for damages with-

out prejudice.[1] The circuit court's judgments noted, "This partial judgment adjudicates all claims between Plaintiff and Defendant State Farm Mutual Insurance Company and Defendant Randall Sisk." Pursuant to Rule 74.01(b), the circuit court certified that there was no just reason for delay and that the judgment as to State Farm and Sisk was final for the purpose of appeal. Grisamore appeals.

In his first point on appeal, Grisamore contends that the circuit court erred in granting the motion for summary judgment and dismissing his claims against State Farm and Sisk because the uncontroverted facts in the motion for summary judgment did not establish that State Farm and Sisk were entitled to judgment as a matter of law. He claims that the uncontroverted facts in the motion for summary judgment did not address any of the elements of his claims for negligent or fraudulent misrepresentation or establish any properly pled affirmative defense and that his claims do not constitute a direct action under a liability insurance policy and are not barred by the Unfair Trade Practices Act. We agree.

When considering appeals from summary judgments, we review the record in the light most favorable to the party against whom judgment was entered, and we afford that party the benefit of all reasonable inferences. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We review the circuit court's granting of a summary judgment de novo. *Id.* "The propriety of summary judgment is purely an issue of law." *Id.* Because the circuit court's judgment is based on the record submitted and the law, we need not defer to the circuit court's order granting summary judgment. *Id.* We will affirm the circuit court's grant of summary judgment if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Id.* at 380.

"In sustaining a motion for summary judgment, a trial court may state its theory or reasons for so doing. When no grounds are stated, the trial court is presumed to base its decision on the grounds specified in the motion." *Brinson v. Whittico*, 793 S.W.2d 632, 633 (Mo.App.1990). In this case, the circuit court did not state its reasons for granting the summary judgment or its reasons for dismissing State Farm and Sisk. We, therefore, presume that the circuit court's grant of summary judgment and dismissal of State Farm and Sisk were based on the grounds specified in the summary judgment motion—that Grisamore cannot maintain a direct action against State Farm as a liability insurer or against Sisk as State Farm's claim representative and that Grisamore's claims are barred by the Unfair Trade Practices Act.

State Farm and Sisk, as the defending party to a lawsuit may show entitlement to summary judgment in three possible ways:

[A] "defending party" may establish a right to judgment by showing (1) facts that negate *any one* of the claimant's elements facts [sic], (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no

---

1. Generally, "a dismissal without prejudice is not a final judgment and, therefore, is not appealable." *Chromalloy Am. Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997). When, however, "the effect of the order is to dismiss the plaintiff's action and not the pleading merely, then the judgment entered is final and appealable." *Mahoney v. Doerhoff Surgical Servs., Inc.*, 807 S.W.2d 503, 506 (Mo. banc 1991).

genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense.

*ITT*, 854 S.W.2d at 381. In this case, State Farm and Sisk have not shown a right to summary judgment on any of the three grounds.

 First, the motion for summary judgment does not directly negate any of the elements of Grisamore's claims against State Farm and Sisk. The four undisputed facts in the summary judgment motion do not negate any of the elements of Grisamore's claims for negligent or fraudulent misrepresentation. In their motion, State Farm and Sisk impliedly argue that Grisamore cannot rely on any representation by Sisk because State Farm and Sisk have only an adversarial relationship with Grisamore. A party, however, may have a right to rely on representation made by an adversarial party when such adversarial party has superior knowledge of the facts. *Vickers v. Progressive Cas. Ins. Co.*, 979 S.W.2d 200 (Mo.App.1998). Indeed, in *Vickers*, the court recognized that a claimant may have a right to rely on representations made by an insurer "who is acting in the general course of its business and expertise[.]" *Id.* at 204. Thus, State Farm's and Sisk's motion for summary judgment does not negate any of the elements of Grisamore's claims against State Farm and Sisk.

Second, the undisputed facts do not show that Grisamore will be unable to produce evidence sufficient to prove the elements of his claims. Indeed, the motion for summary judgment did not even discuss the elements of negligent or fraudulent misrepresentation.

Third, State Farm and Sisk have not shown "that there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-

pleaded affirmative defense." In their motion for summary judgment, State Farm and Sisk argue that Grisamore cannot maintain a direct action under a liability insurance policy and that Grisamore's claims are barred by the Unfair Trade Practices Act. In its answer to Grisamore's petition, State Farm stated:

7. In further defense, State Farm states that Plaintiff is attempting to pursue a direct action against the liability insurer of Defendant Crom and no such claim or cause of action is legally recognized or allowed.

8. In further defense, State Farm would assert that it has no contractual relationship with Plaintiff, and therefore no contractual obligation, duties and/or responsibility beyond those imposed by law. State Farm would assert that any such duty or obligations to Plaintiff are governed according to the Unfair Trade Practices Act, § 375.930 which preempts any claims being made or attempted herein by Plaintiff, and does not provide any type of private right or cause of action.

Grisamore's claims against State Farm and Sisk, however, do not assert a direct action against a liability insurer. Instead, Grisamore's petition asserts claims for negligent and fraudulent misrepresentation.

██ "The general rule is that an injured party cannot proceed in a direct action against an insurance company providing liability coverage for an insured who allegedly caused the harm sustained by the claimant." *Desmond v. Am. Ins. Co.*, 786 S.W.2d 144, 145 (Mo.App.1989). Missouri courts, however, recognize the right of a third party to sue an insurance company for negligent misrepresentation. *Vickers*, 979 S.W.2d at 203–04. Indeed, the submissibility of a misrepresentation claim de-

pends not upon the insurance contract but upon the establishment of all the elements of the misrepresentation. *See Essex v. Getty Oil Co.*, 661 S.W.2d 544, 549 (Mo. App.1983). According to the *Vickers* court:

> The determination of whether in a specific case the defendant will be held liable to a third person not in privity is a matter of policy and involves the balancing of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to defendant's conduct, and the policy of preventing future harm. Each and every one of the above elements are not absolutely necessary to authorize an action to be maintained.

*Vickers*, 979 S.W.2d at 204 (citation omitted). Further, the *Vickers* court recognized that public policy supports allowing negligent misrepresentation claims against liability insurers:

> Finally, there are public policy reasons for holding that an insurer has a duty to use reasonable care in making representations to claimants because those claimants are vulnerable and often will rely on an insurer who is acting in the general course of its business and expertise, and will refrain from taking or fail to take certain actions which might be beneficial, such as preserving evidence and/or retaining an attorney.

*Id.* These same reasons would also support the allowance of a fraudulent misrepresentation claim against a liability insurer.

In this case, Grisamore's claims against State Farm and Sisk are not dependent upon the existence of an insurance contract. Grisamore's claims depend upon his ability to prove the elements of negligent and fraudulent misrepresentation. Thus, the circuit court erred in granting summary judgment for State Farm and Sisk upon the ground that Grisamore cannot assert a direct action against a liability insurer. Grisamore can assert an action for negligent and fraudulent misrepresentation against a liability insurer.

█ In their motion for summary judgment, State Farm and Sisk also argue that Grisamore's claims are barred by the Unfair Trade Practices Act, section 375.930 *et seq.*, RSMo. Although the Unfair Trade Practices Act does not create a private cause of action, the act does not preempt common law claims against insurers. *Dierkes v. Blue Cross & Blue Shield of Mo.*, 991 S.W.2d 662, 668 (Mo. banc 1999). Indeed, "a statutory right of action shall not be deemed to supersede and displace remedies otherwise available at common law in the absence of language to that effect unless the statutory remedy fully comprehends and envelopes the remedies provided by common law." *Detling v. Edelbrock*, 671 S.W.2d 265, 271–72 (Mo. banc 1984). As noted in *Dierkes*, "The regulatory scheme established in chapter[ ] . . . 375 . . . does not preempt those common law claims brought by plaintiffs so long as plaintiffs' claims assert more than mere violations of [chapter 375, RSMo]." *Dierkes*, 991 S.W.2d at 669.

In this case, the claims against State Farm and Sisk are not based solely on a violation of statutes and do not consist solely of an attempt to enforce the statutes. In his petition, Grisamore alleged regarding his negligent and fraudulent misrepresentation claims that State Farm and Sisk encouraged him to continue to seek medical treatment for his injuries and to submit the medical costs to State Farm for payment. He further claimed that he was told that State Farm waits until all

bills are received and then pays a lump sum to cover medical costs and compensation for pain and suffering. According to Grisamore's petition, these communications implied or represented that it would not be necessary for him to hire an attorney. State Farm later, however, refused to pay for the medical bills and for the non-economic damages. Grisamore claims that he relied on the information provided by State Farm and its representatives and that he suffered damages including expenses for chiropractic and medical treatment, interest, and finance charges on debt incurred for treatment of the injuries, and other costs incurred relating to litigating·his claim. Grisamore also claims he is entitled to punitive damages.

Grisamore is not suing State Farm and Sisk for violations of the Unfair Trade Practices Act but is suing for negligent and fraudulent misrepresentation, which are claims existing independent of the Unfair Trade Practices Act. The circuit court, therefore, erred in granting the motion for summary judgment for State Farm and Sisk upon the ground that Grisamore's claims are barred by the Unfair Trade Practices Act.

■ Moreover, to the extent that State Farm and Sisk contend that Sisk cannot be personally liable because he was acting solely as State Farm's employee, their contention is without merit. In support of their contention, State Farm and Sisk rely on *Shobe v. Kelly*, 279 S.W.3d 203 (Mo.App.2009). In *Shobe*, plaintiff, an Allstate insured, sued both Allstate and Allstate's insurance adjuster Roxanne Kelly for bad faith failure to settle. *Shobe*, 279 S.W.3d at 208. In holding that plaintiff had no cause of action against Kelly, this Court stated:

The tort of [bad faith failure to settle] was initially recognized by the Missouri Supreme Court in *Zumwalt v. Utilities Insurance Co.*, 360 Mo. 362, 228 S.W.2d 750 (1950). An insurer under a liability policy has a fiduciary duty to its insured to evaluate and negotiate third-party claims in good faith. *Duncan v. Andrew County Mut. Ins. Co.*, 665 S.W.2d 13, 18 (Mo.App. W.D.1983). Where it wrongfully breaches this duty and refuses to settle within policy limits, the insurer may be held liable for resulting losses to the insured. *Id.* The tort presupposes that the tortfeasor is the insurer and has the power to settle the claim.

Our review of the record shows that to the extent Ms. Kelly had an opportunity to settle the claims through her employment with Allstate, she was acting as Allstate's agent, not as a principal. Ms. Kelly did not personally control the settlement, she did not have the individual capacity to settle the claims, nor did she represent that she had such capacity. Any settlement monies were not her funds; she was functioning solely as an agent of her employer. Thus, she cannot be held personally liable in this case.

*Shobe*, 279 S.W.3d at 209.

Unlike claims for bad faith failure to settle, claims for negligent and fraudulent misrepresentation do not presuppose that the tortfeasor is an insurer or even require involvement of insurance policies. The fact that Sisk was acting as an agent for State Farm does not change the fact that Sisk may have made misrepresentations to Grisamore and that Sisk may be liable as a result.

The circuit court erred in granting State Farm's and Sisk's motion for summary judgment on Grisamore's claims for negligent and fraudulent misrepresentation.[2]

2. Insofar as the circuit court is concerned that the direct action against State Farm and

We, therefore, reverse the circuit court's judgment and remand for further proceedings.[3]

All concur.

Sisk will prejudice the underlying claim against the insured, the circuit court may sever the claims and order that the underlying claim against the insured be tried first.

3. Because we are reversing and remanding this case, it is unnecessary for us to address Grisamore's remaining contention on appeal that the circuit court erred in dismissing his claims against Sisk because Sisk did not file a motion for summary judgment and comply with the requirements of Rule 74.04.